## GEORGE W. SWEPSON *v.* A. T. SUMMEY.

Where the terms of a contract are certain, their construction is for the Court,—not for the jury.

Where a negotiation was pending for the settlement of a debt of about $30,000, and a question arose as to what would be the exact balance after applying certain payments, &c,—such balance having been *assumed* by the parties to be a certain amount, it was also agreed that if it were more than that—*a few hundred dollars either way should not matter; Held,* that, considering the amount of the whole debt, $2160.00 might be included in the expression *a few hundred dollars.*

ASSUMPSIT, tried before *Henry, J.,* at December Special Term 1869 of BUNCOMBE Court.

The facts appear sufficiently in the Opinion of the Court.

There being a dispute as to what the parties meant by the verbal contract between them, as to the *expression* of which there was no dispute; His Honor left it to the jury to say what that meaning was.

Verdict for the defendant, &c., and appeal by the plaintiff.

*Phillips & Merrimon,* for the appellant.
No counsel, *contra.*

READE, J. Where the terms of a contract are certain, and there is no evidence that the terms were used in any other than their ordinary sense, the construction or legal effect, is for the Court, and not for the jury.

It was error therefore to leave the construction of the contract to the jury. This error could be cured, however, if the jury had found correctly : but such is not the fact.

The defendant having paid to the plaintiff all of a certain debt, supposed to be $30,000, except a supposed remainder of $5,500, it was agreed that the supposed remainder should be paid with $2,500, in such notes—currency—as the plaintiff's attorney would receive. It was then suggested that the remainder might be more than $5,500, and thereupon, it was agreed that a few hundred dollars either way would

make no difference, and it should be settled on the same basis as the $5,500   It turned out that the remainder was. $2,160 more than was supposed, and then the defendant said that his promise did not embrace so large a remainder, and declined to pay more of the excess than $350, but offered to pay ten cents in the dollar upon the excess of the remainder over the $350.

It is evident that the agreement was, that the remainder of the debt, *whatever it might be,* was to be paid: there is. nothing to indicate that any portion of the debt was to remain unpaid.   But then it is said that the defendant's promise was only of "a few hundred," and that $2,160 are beyond that.

The answer is that the sum was purposely left indefinite in order that it might embrace the whole.   And why may not "a few hundred" embrace *twenty-one* hundred, when dealing with so large an amount as *three hundred* hundred? It is only as two is to thirty.   If the parties had been settling a three hundred dollar debt, and the promise had been that an uncertain remainder of a few dollars should be paid, would it be pretended that a few dollars would not embrace twenty-one dollars, especially when the remainder is to be paid at the rate of fifty cents in the dollar?

There is error.

PER CURIAM.                              *Venire de novo.*