G. H. LEE v. R. B. KNAPP and others.

*Judgment by default and inquiry—Evidence—Goods sold and delivered.*

Upon an inquiry of damages, in a suit for goods sold and delivered, where judgment was taken by default for want of an answer, evidence in bar of the action is not competent. The judgment by default admits the cause of action, and the plaintiff is only required, upon the inquiry, to make proof of the delivery of the goods and their value.

(*Garrard* v. *Dollar*, 4 Jones, 175; *Swepson* v. *Summey*, 64 N. C., 293; *Parker* v. *House*, 66 N. C., 374, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of DAVIDSON Superior Court, before *Avery, J.*

The plaintiff in his complaint alleged that the defendants R. B. Knapp, William Overaker and J. W. Lingenfelter were indebted to the plaintiff in the sum of eleven hundred and sixty-four dollars and fifteen cents, due by account, and promised to pay the same, and that said account is for goods sold and delivered to the defendants during the years 1879 and 1880, and that no part thereof had been paid, and demanded judgment for the amount alleged to be due and for costs, &c.

Summons was served upon the defendants by publication, and at the return term, no answer having been filed, judgment by default and inquiry was rendered against the defendants for the want of an answer, and at the spring term, 1882, a jury was empaneled to inquire of the damages.

The plaintiff introduced one Overaker, who testified that he bought the articles set out in the complaint as agent of the defendants, and they were worth the amount charged.

The defendants, upon cross-examination of this witness, proposed to show by him "that the defendants organized as the Thomasville Gold and Silver Mining Company, and afterwards bought the articles as an incorporated company, and stated that they offered to prove this with a view of showing that the plain-

tiff was only entitled to recover nominal damages. The plaintiff objected to the evidence, the objection was sustained, and defendants excepted.

The defendants proposed to show further, by the same witness, that the defendant Lingenfelter was president of the company incorporated in the state of Pennsylvania, and that the defendant Knapp was treasurer and secretary, and that they as officers on behalf of said company gave instructions to the witness to buy the goods, with the view of taking the position (if true) that the defendants were only liable for nominal damages. Objection by the plaintiff was sustained, and the defendants excepted.

The plaintiff then introduced as a witness his clerk, who had made out the account sued on, and who testified that it was correct, and the defendant Knapp, with the defendant Overaker, came into the store and told witness to let said Overaker have whatever he called for. Defendants' counsel then proposed to ask this witness " if he did not charge the articles in the books to the Eureka Mining Company, and if he did not understand that the articles were sold to the Eureka Mining Company when they were delivered—stating that the evidence was offered with the view (if true) of insisting that the plaintiff was only entitled to nominal damages." Objection by the plaintiff was sustained by the court, and the defendants excepted.

There was a verdict for the plaintiff for the amount claimed in the complaint. Judgment; appeal by defendants.

*Messrs. M. H. Pinnix* and *J. M. McCorkle,* for plaintiff.
*Mr. W. H. Bailey,* for defendants.

ASHE, J. The exceptions taken by the defendants to the ruling of His Honor in excluding the evidence offered by them were properly overruled by the court. The defendants proposed to prove that the articles alleged to have been purchased by them were not bought by them, but by one or the other of the two

corporations, in one of which they held official positions. The evidence was of such a character that, if the facts proposed to be proved had been set up in an answer filed by them and sustained by proof, it would undoubtedly have defeated the plaintiff's action.

And it is settled that on an inquiry of damages upon a judgment by default, nothing that would have amounted to a plea in bar to the cause of action can be given in evidence to reduce the damages (*Garrard* v. *Dollar*, 4 Jones, 175), and the reason given for the rule is, that to allow such evidence after a judgment by default on an inquiry of damages, would take the plaintiff by surprise and prevent him from meeting the defendant upon equal terms with respect to the evidence, whereas when such defense is set up in the answer, the plaintiff has notice of the defense and may prepare to meet it.

The plaintiff alleged in his complaint that the goods mentioned therein were bought by the defendants, and the judgment by default admits all the material allegations properly set forth in the complaint, and of course everything essential to establish the right of the plaintiff to recover. Any testimony therefore tending to prove that no right of action existed against the defendants, or denying the cause of action, is irrelevant and inadmissible on the inquiry of damages. *Garrard* v. *Dollar*, *supra*.

In this case the action was in nature of assumpsit for goods sold and delivered, and the specific articles were not set forth in the complaint. The judgment by default admitted the plaintiff had cause of action against the defendants and would have been entitled to nominal damages without any proof; but in seeking substantial damages, he was required to make proof of the delivery of the articles and their value. This the plaintiff did, and there was no competent evidence offered by the defendants to reduce the damages. The evidence offered by them only went to the cause of action, which being admitted by the judgment by default, the plaintiff was entitled to recover the value of the

amount of goods proved to have been delivered. *Swepson* v. *Summey*, 64 N. C., 293; *Parker* v. *House*, 66 N. C., 374.

There is no error. The judgment of the superior court is affirmed.

No error.                                    Affirmed.