CLARK, C. J., and DOUGLAS, J., dissenting.
This cause is before us upon a petition to rehear. After a full and anxious consideration we are of the opinion that the petition should be allowed and the judgment of the Superior Court affirmed, thus reversing the decision of this Court. 135 N.C. 105. (286) We are not inadvertent to the well settled rule of this Court recognized and adhered to in a number of cases which will be found collected in Clark's Code, Rule 53, p. 943. We are of the opinion that in respect to a question of practice, especially where, in a matter of which we are compelled to take notice, the almost uniform custom has been followed otherwise than as held by us, we should not hesitate when convinced of error to reverse our judgment. Many titles are dependent upon the validity of judgments rendered as the one before us. The reason and authorities set forth and cited in the several opinions filed at the first hearing render it unnecessary to discuss the question at any length. It will be noted that, as was then said, the plaintiff must be careful to draw his judgment, when by default final, according to the right arising upon the case stated by the complaint, because "The defendant is concluded by the decree so far at least as it is supported by the allegations of the bill." If the decree or judgment do not conform to this well-settled principle, if it give relief in excess of or of a different character from that to which the plaintiff is entitled upon the allegations of fact in the complaint, the court will promptly set it aside upon application. The practice prevailing in courts of equity, to which in some measure. The Code system in this respect may be assimilated, is thus stated by Mr. Beach: "The proceeding which is termed taking a bill pro confesso is the method adopted by the court for rendering its process effectual when the defendant fails to appear and answer, by treating the defendant's contumacy as an admission of the complainant's case and by making an order that the facts of the bill shall be considered as true, and decreeing against the defendant according to the equity arising upon the case stated by thecomplainant." Mod. Eq. Pr., 191; Morrisey v. Swinson, 104 N.C. 555;Thompson v. Wooster, 114 U.S. 104. It thus becomes (287) important that the pleader, when he wishes to take a judgment by default final, set forth clearly the facts upon the admission of which, by failure to answer, he bases his right to relief, so that the court may, upon an inspection of his complaint, adjudge his right to correspond with *Page 220 
such facts. It also becomes the duty of the judge in such case to cause to be read or to inspect the complaint before signing judgment, so that the right adjudged may be such as, upon the facts stated, the plaintiff is entitled to. In courts of equity, which are always open for the hearing of causes and rendering of decrees upon "rule days," it is usual to take the decree pro confesso and give the defendant an opportunity at the next "rule day" to show cause against the decree tendered by the plaintiff, when he will be heard for that purpose only, unless he move to set aside the decreepro confesso. In our system of holding the courts only at stated terms, with no power in the judge to sign judgments out of term, except by consent, it is not practicable to follow the equity rules. It often happens that important judgments involving large property interests are signed at the last moment of the court. The most careful judges find themselves embarrassed by this condition. It might be well to adopt a rule requiring all judgments which are to be taken by default during the term to be presented with the verified complaint not later than Thursday of the term. This, of course, is only suggestive. The petition to rehear must be allowed and the judgment below Affirmed.