W. M. PATRICK v. C. F. DUNN ET ALS.

(Filed 16 April, 1913.)

1. **Pleadings—Return Term—Criminal Courts—Ejectment—Defendant's Failure to Give Bond—Answer Stricken Out—Judgment by Default—Interpretation of Statutes.**

    Chapter 678, Laws 1909, permits process to be returnable and pleadings to be filed at criminal terms of the court, and where a defendant in ejectment fails to file the undertaking required by Revisal, sec. 453, or procure leave to defend without bond (Revisal, 454), the court, at such term, may strike out the answer and render judgment by default.

2. **Judgments—Motions in Term—Notice.**

    It is unnecessary to serve notice of a motion for a judgment made during a term of court at which such judgment may properly be rendered.

3. **Ejection—Pleadings—Verification—Undertaking — Judgments by Default—Interpretation of Statutes.**

    Revisal, sec. 556 (4), construed with subdivisions 1, 2, and 3, does not require that the complaint in an action of ejectment be verified for a judgment by default for failure of the defendant to give the bond required by section 453, when leave has not been given to defend without bond under section 454.

4. **Same—Inquiry—Harmless Error.**

    Where, in an action of ejectment, plaintiff has obtained a judgment for the failure of defendant to give the undertaking required by Revisal, sec. 453, the judgment is conclusive as to all matters therein determined; and where the judgment omits the inquiry as to damages, but is rendered only as to the plaintiff's title or right of possession, the defendant cannot be heard to complain that a final judgment had been entered.

CLARK, C. J., dissenting.

APPEAL by defendants from *Carter, J.,* at January Term, 1913, of LENOIR.

This is an action to set aside a tax deed and for the recovery of land. The summons was returnable to the December Term of Lenoir, and the complaint was filed 29 November, 1912.

Two causes of action are set out in the complaint. In the first, the plaintiff alleges that he is the owner in fee of the land described; that the defendant wrongfully withholds the possession thereof, and that the defendant claims possession under a

tax deed which is void; and in the second, he alleges ownership in fee and the wrongful withholding of possession by defendant.

The defendants filed answer 3 January, 1913, but filed no defense bond. At January Term, 1913, the plaintiff moved to strike out the answer and for judgment for want of a defense bond. The motion was allowed and judgment was rendered upon the complaint, and the defendant excepted and appealed.

*Rouse & Land for plaintiff.*
*Charles F. Dunn for defendant.*

ALLEN, J. The December and January terms of Lenoir Superior Court were criminal terms, but the statute 1909, ch. 678, permits process to be returnable to and pleadings to be filed at such criminal terms. Revisal, 453, requires the defendant in ejectment to file the undertaking therein specified before he shall be allowed to plead or defend, unless he shall procure leave to defend without bond in the manner prescribed by Revisal, 454. The defendants neither filed the undertaking nor procured leave to defend without giving the same, and the court therefore was within its power in striking out the answer and in granting judgment.

The judgment having been entered during a term of the court, the defendants were fixed with notice, and it was not necessary to serve notice of motion for judgment upon them. *Hemphill v. Moore*, 104 N. C., 379; *Reynolds v. Machine Co.*, 153 N. C., 342.

The Revisal, sec. 556, provides that, "Judgment by default final may be had upon failure of defendant to answer as follows," and then sets out four subdivisions.

In the first of these subdivisions a verified complaint is required by express terms, and the second refers to the first in such way that the same requirement would be necessary under it.

In the third subdivision there is no reference to a verified complaint, but in lieu thereof the plaintiff is required to make proof of the demand in the complaint.

The fourth subdivision is as follows: "In actions for the recovery of real property, or for the possession thereof, upon

the failure of the defendant to file the undertaking required by law, or upon failure of his sureties to justify according to law, unless the defendant is excused from giving such undertaking before answering."

It will be observed that the cause of action set out in the complaint in this action falls within the fourth subdivision, and in it there is no reference to the verification of the pleadings, and judgment is entered because of failure to file bond.

The fact that a verified complaint is mentioned in the first and second subdivisions, that there is a different requirement in the third, and that in the fourth the requirement as to verification is omitted, would seem to lead to the conclusion that the plaintiff is entitled to judgment by default final upon an unverified complaint, upon failure to give bond in an action to recover land.

If the General Assembly had intended that a judgment by default final should not be rendered in any case except upon verified complaint, it would have said, "Judgment by default final may be had on a complaint duly verified on failure of defendant to answer as follows."

If, however, the plaintiff was only entitled to judgment by default and inquiry, the judgment rendered amounts to no more than this, as it simply adjudicates that the plaintiff is the owner of the land, and directs the tax deed to be canceled, and no inquiry as to damages is ordered.

In *Blow v. Joyner,* 156 N. C., 140, it is held that a judgment by default and inquiry concludes as to all issuable facts properly pleaded, and that evidence in bar of plaintiff's right of action is not admissible on the inquiry as to damages, and that such a judgment establishes the cause of action set out in the complaint.

If so, a judgment by default and inquiry upon the complaint in this action would declare the plaintiff to be the owner in fee of the land in controversy, and would entitle him to an inquiry as to damages; and the judgment rendered does less than this, as the clause as to the inquiry is omitted and the plaintiff recovers no damages.

Affirmed.

CLARK, C. J., dissenting: This is an action to set aside a tax deed and for the recovery of land. The plaintiff filed an unverified complaint. The defendants filed a full answer, duly verified, setting out a full and meritorious defense, but failed to file a defense bond. Thereupon the court, on motion of the plaintiff, struck out the answer and entered judgment by default final.

This was not only an irregularity, but was a fatal defect amounting to a lack of "due process of law." Thorough research, not only in the North Carolina Reports, but in the decisions of other jurisdictions, fails to disclose a single instance in which a man's land, or other property, has been taken from him by default final, and a jury trial denied, when the complaint was not verified.

The reason for this is that from the earliest times an oath has always been required to sustain the allegations of the plaintiff's demand. When the cause is litigated, there is the protection of an indictment for perjury against the witness who swears falsely. When no answer is filed, the plaintiff must still go on and prove his case except in cases where the demand is for a sum certain, or a definite object is sought to be recovered; then the plaintiff may have judgment by default final, provided the complaint is supported by the oath of the plaintiff. This gives the protection of an indictment for perjury, which is more especially needed when judgment is taken without trial or the benefit of cross-examination.

When the claim is for unliquidated damages, even then, though the complaint is verified, the plaintiff is only entitled to judgment by default and inquiry which is thereafter instituted before a jury. When the claim is for a sum certain or a definite thing, but the complaint is not verified, the plaintiff is entitled to judgment only by default and inquiry, and in such case proof has to be made when the inquiry is instituted before the jury. It is only when the complaint is verified and for a sum or a thing certain that judgment by default final can be entered.

It is true that when in an action for the recovery of realty no defense bond is filed, the judge can strike out the answer

and render judgment by default, but this is only such default as is justified by the state of the complaint. If that is verified, the judgment is by default final. If it is not verified, then it should be by default and inquiry.

Formerly, judgment by default could not be taken in any case where the action was for the recovery of realty. Laws 1869-70, ch. 193, sec. 4, authorized "judgment by default" when no defense bond was given, leaving it open, upon the existing statutes, whether it should be a judgment by default and inquiry or by default final, depending upon whether the complaint was verified or not. In the C. C. P. and the Code of 1883 this was a separate section, being Code, 390, while secs. 385, 386 applied to judgments by default. The Revisal Commissioners in adding this Code, 390, as subsection 4 to Revisal, 556 (which last was Code, 385), did not intend, nor ought it to have the effect, to authorize a judgment by default final when the complaint is not verified. The plaintiff cannot expect the court to adjudicate a matter in his favor finally, and without possibility of defense before a jury, when he fails or is unwilling to swear to the truth of his allegations which would subject himself to liability for perjury if his statements in the complaint are untrue.

In every case in our Court in which by virtue of this statute (1869-70, ch. 193, sec. 4; Code, 390; Revisal, 556, 4) judgment by default final has been taken for realty, upon failure to file a defense bond, the fact is prominently set out that the complaint was verified. *Jones v. Best,* 121 N. C., 154; *Vick v. Baker,* 122 N. C., 100; *Junge v. McKnight,* 135 N. C., 107; s. c., 137 N. C., 285.

The judgment by default final should be amended into a judgment by default and inquiry, so that the plaintiff shall prove in court the allegations which he has neither sworn to nor proven. The judgment by default and inquiry determines · that he has a cause of action, and carries costs.