FARMER-COLE PLUMBING COMPANY v. WILSON HOTEL COMPANY.

(Filed 14 April, 1915.)

1. Judgments—Default and Inquiry—Contracts—Pleadings—Defenses.

In an action to recover upón a contract for work done, with allegation that the plaintiff had performed his part in accordance with its terms and a certain stated sum was due him thereunder, it is essential for the defendant to set up in his answer any damages he may claim as arising from the negligence of the plaintiff in his performance of his contract, or in breach thereof; and where upon failure to file answer a judgment by default and inquiry has been entered, it estops the defendant from claiming damages of the character stated.

2. Judgments — Default and Inquiry — Admissions—Evidence—Counter Demands.

A judgment by default for the want of an answer is an admission of every material and traversable allegation of the declaration or complaint necessary to the plaintiff's cause of action, and evidence upon the inquiry tending to prove that no right of action existed, or denying the cause of action, is irrelevant and inadmissible.

APPEAL by defendant from *Whedbee, J.,* at December Term, 1914, of WAKE.

Civil action heard upon exceptions to report of referee and motion to set aside a judgment by default and inquiry, rendered at December Term, 1913, by *Cooke, J.,* and a judgment of September Term, 1914, confirming the report, no exceptions thereto having been filed.

His Honor declined to set aside this judgment by default and inquiry, but set aside the judgment of September, 1914, confirming the report, and permitted the defendant to file exceptions thereto. Whereupon the defendant filed exceptions as follows:

1. That the said referee excluded evidence of the cost and expenses incurred by the defendant in placing the fixtures in position and in installing the same, the plumbing amounting to $450.

2. The referee excluded evidence that the plaintiff had performed its work so negligently and carelessly, and had failed to comply with the contract to an amount in excess of $250.

3. That the referee found that the defendant was indebted to the plaintiff in any sum whatever.

And in support of these said exceptions the defendant refers to the affidavit of S. A. Woodard filed in this case at this term, and his motion to set aside the judgment of December, 1913.

Upon hearing the exceptions, his Honor overruled them and by consent allowed a credit of $55 and adjudged that the plaintiff recover $648.87, with interest and costs.

The defendant excepted and appealed.

*J. C. Little, Allen J. Barwick for plaintiff.*
*S. A. Woodard, Winston & Biggs for defendant.*

BROWN, J.  The plaintiff alleges in the complaint:

(1) That heretofore, towit, on or about 14 September, 1912, the plaintiff contracted with the defendant to install the plumbing and furnish the roughing-in material in the annex of the New Briggs Hotel in the city of Wilson, county of Wilson, State of North Carolina, at the agreed price of $1,650.

(2) That in pursuance of said contract the plaintiff installed plumbing and furnished roughing-in material and completed said work according to contract on the New Briggs Hotel, and fully complied with its part of the contract.

(3) That from time to time the defendant paid to said plaintiff the sum of about $1,200, leaving due and unpaid the sum of $450.

(4) That over and above the work on the contract hereinbefore referred to, there was extra work done on the said hotel, and materials furnished; said work and materials being of the value of $253.87.

As we understand this case, the exceptions relate exclusively to matters foreclosed by the judgment by default and inquiry, which are set out in sections 1, 2, 3 of the complaint. These sections allege a contract to install plumbing in defendant's hotel at an agreed price, that the work was properly done in pursuance of and in accordance with the contract, that so much was paid on it, and that there is a balance due of $450 on the contract.

The exceptions are confined to alleged error in excluding evidence as to costs and expenses incurred by defendant in placing the plumbing in and installing the same, and in excluding evidence of the negligent manner in which the plaintiff contractor had done its work.

These are matters of defense relating to the proper performance of the contract, and should have been properly pleaded.  The judgment by default and inquiry for want of an answer bars defendant from setting up such defense upon the inquiry as to damages.

The referee very properly confined the inquiry under those allegations of the complaint to the amount due under the contract.

The default is an admission of every material and traversable allegation of the declaration or complaint necessary to the plaintiff's cause of action.  23 Cyc., 752.

It admits all the material averments properly set forth in the complaint, and of course everything essential to establish the right of the plaintiff to recover.  Any testimony, therefore, tending to prove that no right of action existed, or denying the cause of action, is irrelevant and inadmissible.  *Garrard v. Dollar,* 49 N. C., 176; *Lee v. Knapp,* 90 N. C., 171; *Blow v. Joyner,* 156 N. C., 140; *Graves v. Cameron,* 161 N. C., 550.

Affirmed.