W. A. & C. MITCHELL, PARTNERS, v. SOUTHERN EXPRESS COMPANY ET ALS.

(Filed 8 October, 1919.)

**Judgments — Default and Inquiry — Cause of Action — Evidence—Express Companies—Carriers of Goods—Bills of Lading—Contracts.**

> A judgment by default and inquiry establishes the plaintiff's right to recover damages, and his cause of action upon the subsequent trial, and where the defendant is an express company, a provision in its bill of lading or contract of carriage, offered in evidence for the purpose of defeating plaintiff's cause of action, is properly rejected by the court.

APPEAL by defendant from *Guion, J.,* at June Term, 1919, of LENOIR.

This action was instituted by the plaintiffs against the Southern Express Company on 13 March, 1914, to recover damages to a carload of horses and mules alleged to have been delivered to Adams Express Company at Cincinnati, Ohio, on 3 October, 1912, and by the Adams Express Company delivered, in the city of Richmond, Va., to the Southern Express Company for transportation to Kinston, N. C., and by the Southern Express Company delivered to the plaintiffs at Kinston on 5 October, 1912, the damages claimed being for alleged injury to a mule and two horses, due, among other causes as alleged, to the improper arrangement of timbers in said car. Summons was not originally issued against the Adams Express Company, but at the June Term, 1915, an order was made adjudging that the Adams Express Company be made a party defendant to the action, and that summons issue against the said express company. Service was not obtained, and at the April Term, 1916, another order was rendered by the court, adjudging that the said express company be made a party defendant to the action and that summons issue against it, and on 15 May, 1916, which was before the convening of any court subsequent to the said April Term, 1916, summons was issued against the Adams Express Company and duly served on 19 May, 1916, returnable to the June Term, 1916, which convened on 12 June. A duly verified complaint was filed against both of the defendants on 26 January, 1916, which was before service was made upon the Adams Express Company, but was after an order adjudging that it be made a party had been rendered.

The plaintiffs seek to recover against both of the defendants the sum of $372.50 for causes as appear in the complaint. At the April Term, 1918, a judgment by default and inquiry was rendered against the Adams Express Company, which company had then filed no pleading and had made no appearance in court of any nature. During the April Term, 1918, of said court, and after the rendition of the judgment entitled "Judgment by Default and Inquiry," the defendant, Adams Express Company, for the first time made an appearance in court and moved the court to strike out said judgment for surprise and excusable neglect, alleging that it had, soon after being summoned, instructed its district counsel to retain counsel, and that the defendant, Adams Express Company, was not aware that appearance had not been entered for it and that a defense had not been asserted until after the rendition of said judgment by default and inquiry. The motion to strike out the judgment was continued and was refused and disallowed by his Honor, Judge Guion, at the June Term, 1919, and the action directed to proceed to trial upon the inquiry as to the amount of damages sustained by the plaintiffs.

The answer of the Southern Express Company was filed, as appears of record, on 8 April, 1918, and the plaintiffs filed replication as set out in the record on 8 April, 1918.

At the June Term, 1919, when the cause came on for trial upon the whole cause of action as alleged against the Southern Express Company and upon the judgment by default and inquiry as to the Adams Express Company, the court held, upon the pleadings as to the Southern Express Company and upon the admission of the plaintiffs in open court, that the action had not been instituted within six months from the time of the injury complained of; that the plaintiffs could not recover for any amount against the defendant, Southern Express Company.

The cause then proceeded to trial against the defendant, Adams Express Company, upon the judgment by default and inquiry.

The express company offered the bill of lading in evidence for all purposes, and the court admitted it on the issue of damages, but held that the defendant, Adams Express Company, could not have the benefit of the provision requiring the action to be brought within six months, because of the judgment by default and inquiry, and defendant excepted. Judgment in favor of plaintiff, and defendant appealed.

*Dawson, Manning & Wallace attorneys for plaintiffs.*
*Rouse & Rouse, attorneys for defendant, Adams Express Company.*

ALLEN, J. There is no exception to the refusal to set aside the judgment by default and inquiry, nor is the legal effect of the provision,

requiring the action to be brought within six months, before us, as the bill of lading was only admitted in evidence on the issue of damages.

The sole question presented is whether the judgment by default and inquiry prevents the defendant from relying upon the provision in the contract.

The effect of a judgment by default and inquiry is to establish the cause of action alleged in the complaint, and if the recovery sought is damages, to give to the plaintiff the right to recover at least nominal damages, and no evidence is admissible tending to prove that no right of action exists.

In *Hollifield v. Telephone Co.,* 172 N. C., 714, where there were two parties defendant, one of whom answered and the other of whom failed to answer, judgment by default and inquiry was rendered against the defendant who failed to answer. In discussing the question involved, the Court says: "He failed to plead and judgment by default was entered against him, which established as against him, under our procedure and procedure generally, the cause of action alleged in the complaint. *Blow v. Joyner,* 156 N. C., 140; *Graves v. Cameron,* 161 N. C., 549; *Patrick v. Dunn,* 162 N. C., 19; *Plumbing Co. v. Hotel Co.,* 168 N. C., 577. It was not necessary to submit an issue as to this negligence, when he admitted it by failing to answer. *Justice Brown* well says in *Plumbing Co. v. Hotel Co., supra:* 'The default is an admission of every material and traversable allegation of the declaration or complaint necessary to the plaintiff's cause of action. 23 Cyc., 752. It admits all the material averments properly set forth in the complaint, and, of course, everything essential to establish the right of the plaintiff to recover. Any testimony, therefore, tending to prove that no right of action existed, or denying the cause of action is irrelevant and inadmissible,' citing *Gerrard v. Dollar,* 49 N. C., 176; *Lee v. Knapp,* 90 N. C., 171; *Blow v. Joyner, supra; Graves v. Cameron, supra.* This being so, the only thing left to do in regard to the resident defendant was the assessment of damages, after ascertaining the negligence of the other defendant."

This authority covers fully the exception presented, and sustains the ruling that the provision of the bill of lading was inadmissible to destroy the plaintiff's action.

No error.