J. H. MITCHELL v. TOWN OF AHOSKIE.

(Filed 7 October, 1925.)

1. **Pleadings—Damages—Nuisance—Burden of Proof—Sewage—Municipal Corporations—Instructions—Appeal and Error.**

Though in proper instances permanent damages may be recovered in an action against a town caused by the improper emptying of its sewer upon the plaintiff's land, it is necessary that an issue to that effect be raised by the pleadings with supporting evidence; and where it is alleged that the town had acquired by condemnation the right to construct and maintain the sewer on plaintiff's land with an outlet beyond that would not have caused the damage complained of, the amount of damages recoverable are only what the plaintiff has sustained up to the trial of the action.

2. **Judgments—Default and Inquiry—Damages—Pleadings.**

A judgment by default and inquiry upon the failure of defendant to answer establishes the plaintiff's right to recover damages, at least nominal, in accordance with his allegations, with the burden on him to show the extent of the damages he has sustained.

APPEAL by plaintiff from judgment of *Bond, J.,* at December Term, 1924, of HERTFORD. New trial.

Summons in this action was issued on 29 April, 1922, and duly served on defendant. Verified complaint was filed by plaintiff on 19 June, 1922; no answer having been filed by defendant, upon motion of plaintiff, judgment by default and inquiry was rendered on 18 September, 1922. At December Term, 1924, a jury having been duly empanelled, an issue was submitted to the jury and answered as follows:

"What damage has the plaintiff sustained by the negligent failure of the defendant to construct its sewer line as it contracted to do? Answer: $750."

Judgment was thereupon rendered that plaintiff recover of defendant the sum of $750 and the costs of the action. It was further adjudged that "payment of this judgment shall vest in defendant the right to permanently maintain its sewer line as it now is." From this judgment plaintiff appealed, assigning as error the instruction of the

court as to the measure of damages, and so much of the judgment as decrees that payment of the judgment should vest in defendant the right to maintain permanently its sewer line as it now is.

*Bridger & Eley, Stanley Winborne, and Jones, Jones & Horton for plaintiff.*

*Murray Allen and Craig & Pritchett for defendant.*

CONNOR, J. The judgment by default and inquiry established plaintiff's cause of action as alleged in his complaint, and his right to recover of defendant at least nominal damages. Both plaintiff and defendant are concluded by said judgment as to all matters alleged in the complaint as a basis for plaintiff's right of recovery. The cause of action set out in the complaint, and adjudged by the court to be well founded, both in fact and in law, determines the measure and character of damages which the plaintiff is entitled to recover therein from defendant. He is entitled to damages which flow from or arise out of said cause of action—no more and no less. The amount of these damages, to be ascertained by the jury from evidence relevant to an appropriate issue, only, is left open for inquiry. C. S., 596. *Hill v. Hotel Co.,* 188 N. C., 587; *Armstrong v. Asbury,* 170 N. C., 160; *Plumbing Co. v. Hotel Co.,* 168 N. C., 577; *Graves v. Cameron,* 161 N. C., 550.

In *Blow v. Joyner,* 156 N. C., 140, *Justice Hoke* quotes from the opinion of this Court in *McLeod v. Nimocks,* 122 N. C., 438, with approval, the following: "The judgment by default and inquiry, the defendant having said nothing in answer to plaintiff's complaint, was conclusive that the plaintiff had a cause for action against the defendant of the nature declared in the complaint and would be entitled to nominal damages without any proof." The learned *Justice* further says: "The statement sometimes made that a judgment of this kind 'merely admits a cause of action, while the precise character of the cause of action and the extent of defendant's liability remains to be determined,' simply means, as stated, that a judgment by default and inquiry establishes a right of action in plaintiff of the kind stated in the complaint, and entitling plaintiff to nominal damages, but the facts and attendant circumstances giving character to the transaction and relevant as tending to fix the quantum of damages, must be shown."

It appears from the allegations of the complaint that plaintiff is now and has been for many years the owner of a farm lying within or adjacent to the corporate limits of the town of Ahoskie. During September, 1920, defendant, as a municipal corporation, was engaged in the construction of a water and sewer system for the benefit of said town and its inhabitants. It desired to extend its sewer line from

the south end of West Street in said town through plaintiff's farm to Ahoskie Swamp, where the discharge from said sewers would be carried off by the flow of said swamp. Plaintiff and defendant on 4 September, 1920, entered into a written contract by which plaintiff granted to defendant, in consideration of the payment to him of $1,000, a right of way for said sewer line, 18 feet wide, running from the south end of West Street through said farm to Ahoskie Swamp. Said right of way was to be used by defendant while the construction of the line was going on and after same was finished.

In his complaint, plaintiff alleges that defendant carelessly, negligently and wilfully failed to extend said sewer line to the run of Ahoskie Swamp, as it had contracted and agreed to do, and that by reason of such failure the contents of the sewer pipe were discharged upon and spread over his land, thus causing a nuisance; the plaintiff's pasture located upon said farm, in which he kept his milk cows, by reason of the deposits thereon from the sewer was made unfit as a place to keep said cows, the soil being rendered filthy and the water unwholesome by reason of said deposits.

Plaintiff further alleges that the sewer line was not extended to the high-water line of the run of Ahoskie Swamp, as the defendant had contracted and agreed to do, and that resulting from this the contents of the sewer were not carried to the run of Ahoskie Swamp, but were discharged upon plaintiff's lands and premises, which thereby became polluted, poisoned and rendered unfit for use or occupation by the plaintiff.

The judgment by default having established plaintiff's right to recover damages, the burden was upon plaintiff to offer evidence at the trial upon the issue submitted to the jury. He testified that the distance from the street to Ahoskie Swamp is about 1200 yards; that the sewer line has never been carried to the run of the swamp; that it now terminates in his field about 400 yards south of Church Street and about 250 yards southwest of his residence. He testified fully as to the conditions thus caused upon his land. The sewer line as constructed by the defendant ends in a little bog that makes up from the swamp. The sewage is deposited in this bog and causes a nuisance.

The mayor of the town of Ahoskie, testifying as a witness for the defendant, said: "The town has not had the money to carry the sewer line to the run of the swamp, and in all probability it would have been extended if the money had been available."

The court instructed the jury that the measure of damages was the difference between the actual market value of the land with the sewerage connections as put down, and the actual value with the sewerage pipes installed according to the contract; that the burden was upon the plaintiff to satisfy the jury on these facts—the value of the land as it

was when sewerage was put down and what it would have been at that time if the contract had been complied with. To this charge plaintiff excepted and assigned same as error. His Honor, over objection of plaintiff, included in the judgment as signed, the following words: "Payment of this judgment shall vest in the defendant the right to permanently maintain its sewer line as it now is." To the judgment as signed, plaintiff excepted and assigns same as error.

Plaintiff's contention is that it was error for his Honor, in his instruction to the jury as to the measure of damages and in the judgment which he rendered, to construe plaintiff's cause of action as one in which he was entitled to permanent damages for property taken by defendant, a municipal corporation, under the power of eminent domain. The right of a plaintiff to recover permanent damages for an entire injury caused by the taking of his property by a corporation upon which the power of eminent domain has been conferred, in certain cases, has been recognized and enforced in this jurisdiction. *Ridley v. R. R.*, 118 N. C., 996; *Parker v. R. R.*, 119 N. C., 677; *Harper v. Lenoir*, 152 N. C., 728; *Moser v. Burlington*, 162 N. C., 141; *Rhodes v. Durham* 165 N. C., 679.

In this case defendant, a municipal corporation, has acquired by purchase the right of way over plaintiff's land for its sewer line. Its entry upon said right of way and construction of a sewer line thereon was not wrongful. Plaintiff is not seeking further payment for the land upon which defendant maintained permanently said sewer line, nor is plaintiff seeking damages for injury to his land or premises resulting from the permanent maintenance of the said sewer. He demands damages for injuries caused by defendant's failure to complete the sewer line by extending it to the swamp. Upon the cause of action set out in the complaint he neither asks for nor is entitled to permanent damages. Nor has defendant, in its answer, claimed the right to maintain the present condition, permanently. The injury is not permanent, but is the result of defendant's admitted failure to extend its sewer line to the swamp, such failure being due, as the mayor testified, to the inability of the town, because of its present financial condition, to complete its sewer system in accordance with its plans, and its contract and agreement with the plaintiff.

In *Ridley v. R. R., supra, Justice Avery,* after a thorough investigation of authorities, and an exhaustive consideration of the question, for the Court, deduces certain principles applicable to the recovery of permanent damages. He says that it is the legal right of a plaintiff or defendant to have permanent damages assessed in an action for damages resulting from the taking of private property for public use, under the power of eminent domain, upon demand made in the pleadings.

No such demand has been made in this case by either plaintiff or defendant. No issue involving permanent damages has been submitted to the jury:

The source of the injury—*i.e.,* the failure to extend the sewer line to the swamp, in accordance with the contract, is not permanent in its nature. The nuisance caused thereby can and will be abated by the extension of the sewer line to the swamp. The injury will cease when defendant has complied with its contract. See *Jackson v. Kearns,* 185 N. C., 417.

Plaintiff is entitled to recover only the damages which have accrued to him from defendant's wrongful conduct up to the trial of the action. It was error, therefore, without demand of either plaintiff or defendant for permanent damages, to instruct the jury that the measure of damages in this case is the difference in the value of plaintiff's lands with the sewer line as it is and the value if the sewer line had been extended to the swamp, and to include in the judgment a decree that the payment of the damages assessed shall vest in the defendant the right to maintain the sewer line in its present incomplete condition. Plaintiff, upon the cause of action set out in the complaint and established by the judgment of the court, is entitled to recover of defendant all damages sustained by him up to the trial, resulting from the negligent failure of defendant to extend its sewer line to the swamp. The issue submitted to the jury does not involve permanent damages. The assignments of error are sustained and there must be a

New trial.