SALLIE S. STRICKLAND ET AL. v. R. N. SHEARON ET AL.

(Filed 20 April, 1927.)

**1. Judgments—Estoppel—Deeds and Conveyances—Reformation of Instruments—Equity.**

Where a deed to timber standing on land is sought to be reformed for conveying more timber, through the mutual mistake of the parties, than was intended, a judgment that the description was in accordance with the intent of the parties, estops the grantor from again setting up his equity both against his grantee and his purchaser under a deed with the same description of the lands conveyed.

**2. Appeal and Error—Judgments—Excusable Neglect—Findings of Fact.**

Upon motion of defendant to set aside a judgment for surprise, excusable neglect, etc., a finding by the Superior Court judge that the movant had not been made a party to the action, upon sufficient evidence, is binding upon him when he has not excepted or appealed.

**3. Judgments—Estoppel—Deeds and Conveyances—Appeal and Error—Parties.**

Where injunctive relief is sought against the cutting and removing of timber growing upon lands upon the ground that more timber had been conveyed by mutual mistake of the parties than was intended, and the plaintiff is estopped by judgment from again setting up his equity, the grantee of the defendant under a deed with the same description of the lands upon which the timber was standing has the title to the timber thus conveyed, though he had not been made a party thereto.

**4. Judgments—Default and Inquiry—Appeal and Error.**

A judgment by default and inquiry establishes only the cause of action alleged in the complaint, and where the equitable relief of reformation of a deed to standing timber upon lands is therein sought, on the ground of mutual mistake of the parties, and judgment is entered against the plaintiff, the basis upon which he has sought damages for the trespass having failed, an inquiry by the court as to the amount is improvidently entered.

MOTION to set aside a judgment of default and inquiry upon the ground of irregularity and excusable neglect. The pertinent facts appear in the opinion of the Court.

*B. T. Holden and W. H. Yarborough for plaintiff Strickland.*
*G. M. Beam for defendant Shearon.*

BROGDEN, J. On 24 January, 1925, Sallie Strickland and her children instituted an action against W. H. Fuller, B. S. Alford, and R. N. Shearon in the Superior Court of Franklin County. The complaint alleged, in substance, that the plaintiff had instituted a special proceeding to sell the timber in controversy to the defendants Alford and Fuller. Said special proceeding was duly conducted, and E. H. Malone was appointed commissioner to make the sale, and said commissioner, pursuant to power conferred, executed and delivered a deed for said timber to the defendants Alford and Fuller. Plaintiff alleged that certain timber was included in the petition filed in the special proceeding and in the deed from Malone, commissioner, to said defendant through mutual mistake of the parties, or by mistake of the draftsman. The plaintiff further alleged that Fuller and Alford had conveyed the timber to the defendant Shearon, and that said defendant, at the time he took the conveyance for the timber, "had notice and knowledge of the mistake which had been made, and his attempt to cut and destroy the valuable young growth of timber upon the lands is in violation of the rights of the plaintiffs and of the well understood contract and agreement of the parties, and an unwarranted trespass upon their property." Plaintiff further alleged damages for the "wrongful trespass, cutting, and removing the timber without authority, as hereinbefore alleged, in the sum of at least eight hundred dollars.

The plaintiff applied for and secured an order restraining the defendant from cutting said timber pending the hearing. The cause was tried at the August Term, 1925, and the issues and answers of the jury thereto were as follows:

"1. Was the true agreement between Mrs. Sallie S. Strickland and the defendants Alford and Fuller that there was being sold only the timbers within the pasture and four or five acres of old timber outside and adjoining the timber within the pasture? Answer: 'Yes.'

"2. Was there any mutual mistake of the parties, or the mistake of the draftsman, included in the petition, order, and commissioner's deed, other timbers not intended to be sold or to be included in said petition, order, and deed? Answer: 'Yes.'"

It will be observed that there was no issue tendered as to damages.

Upon the verdict, the following judgment was rendered:

"This cause coming on to be heard at this August Term, 1925, of Franklin Superior Court, before Honorable Garland E. Midyette, judge presiding, and a jury:

"It is made to appear to the court that summons was issued on 24 January, 1925, returnable on 9 February, 1925, and personally served by the sheriff of Franklin County, upon all the defendants on 26 January, 1925, by reading and delivering a copy of summons and complaint to each of them; and it further appearing that complaint herein was duly filed in the office of the clerk of the Superior Court of Franklin County, N. C., on 24 January, 1925, and a copy thereof duly served upon each of the defendants by the sheriff of Franklin County, on 26 January, 1925; and it further appearing that the defendant R. N. Shearon failed to appear and answer or demur to said complaint within twenty days after the service thereof upon him, or at any time since.

"It is therefore by the court ordered, considered, and adjudged that the plaintiffs are entitled to judgment by default and inquiry against the said R. N. Shearon, and that as to him all the allegations of the complaint are adjudged and decreed to be true, except as to the amount of damages alleged to have been sustained by reason of his unlawful trespass and cutting; and it is ordered that a writ of inquiry issue as to them, in accordance with the practice and provisions of the statutes, said inquiry to be executed at the next civil term of Franklin Superior Court. The defendants W. H. Fuller and B. S. Alford having answered, the following issues were submitted to the jury. (See issues and verdict above.)

"And it further appearing to the court from the evidence that the sum of $850 was a wholly unfair and inadequate price for the timbers as described in the petition, orders, and deed referred to in the pleadings, and that the conveyance and sale of all of said timbers was and would be highly injurious to the interest of the infant plaintiffs in this action, on whose behalf the petition in said *ex parte* proceeding was filed. Now, upon the coming in of the verdict, it is by the court considered, ordered, and adjudged and decreed that the original petition filed before the clerk of the Superior Court of Franklin County in the *ex parte* proceedings referred to in the pleadings, and all orders and decrees made in response and pursuance of said petition and the deed executed by E. H. Malone, commissioner, to the defendants Fuller and Alford, referred to in the pleadings, be and they are hereby so reformed, corrected, and amended so as to authorize and convey only such timbers and trees of the dimensions set out in the commissioner's deed as were and are situate upon the lands contended for by the plaintiffs in their complaint, to wit: 'The timbers in the pasture and four or five acres of old timber outside

STRICKLAND *v.* SHEARON.

of and adjoining the timbers within the pasture, together with such easements as are described by the commissioner's deed for the purpose of cutting and removing the same.' It is further ordered that the injunction heretofore granted in this case be made permanent. It is further ordered, adjudged, and decreed that plaintiffs recover of the defendants the costs of this action, to be taxed by the clerk."

From the judgment rendered, the defendants Fuller and Alford appealed to the Supreme Court.

The defendant Shearon did not except to the said judgment or finding of fact therein as to his failure to file an answer, nor did he appeal. The cause was argued in the Supreme Court, and the opinion of the Court was delivered by *Justice Connor,* and is reported in 191 N. C., p. 560. When the opinion of the Supreme Court was certified to the Superior Court, the defendant Shearon made a motion to set aside the judgment rendered by Judge Midyette at the trial of the cause, upon the ground that the judgment was irregular, and upon the further ground of excusable neglect, and also that the restraining order against the defendant Shearon be dissolved, to the end that he could proceed with the cutting of the timber.

The motion was heard before W. M. Bond, judge presiding, at the November Term, 1926, and the following judgment rendered:

"This cause coming on to be heard at this November Term, 1926, Superior Court of Franklin County, and being heard at said term by consent of all parties, upon the motion of R. N. Shearon to set aside judgment by default and inquiry rendered in this cause at the August Term, 1925, and it being agreed the entire record in the cause, including the case on appeal to the Supreme Court, should be taken and considered as a part of R. N. Shearon's petition and affidavit, and the plaintiff having demurred to said petition upon the grounds that the same did not state a cause of action in favor of the petitioner, for that it did not appear that said petitioner had excepted to or appealed from said judgment, although it is alleged in said petition that said petitioner was present at the trial, and was duly represented by counsel, and upon the further grounds that it is alleged in said petition that petitioner relied upon his codefendants Fuller's and Alford's promise that they would defend the title and reimburse him for any loss he might sustain.

The court, upon the consideration of petition, record, and the demurrer of the plaintiffs, is of the opinion that the remedy for petitioner, if any, was by exceptions duly noted to and appealed from the judgment rendered at the August Term, 1925, of the Superior Court of Franklin County, and the demurrer of the plaintiff is therefore sustained and the motion of the petitioner Shearon to set aside judgment is denied."

From the foregoing judgment, the defendant Shearon appealed to this Court.

In *Strickland v. Shearon,* 191 N. C., 560, the Court held that there was no evidence of mutual mistake, as alleged by the plaintiff. *Connor, J.,* delivering the opinion, said: "There is no evidence that the defendants understood that the description given to the attorney in their presence and acquiesced in by both Mrs. Strickland and themselves, was limited as contended by plaintiffs. When parties to a contract have expressed their agreement in terms that are explicit and plain of meaning—that is, when their minds have met on the terms of the contract—it may not be revoked or altered by reason of the mistake of one of the parties alone, resting wholly in his own mind, there being no fraud or misrepresentation by the other. We must hold that it was error to refuse defendant's motion for judgment as of nonsuit."

The legal effect of this decision was to declare that, as the special proceeding was properly conducted and no mistake had been made in the description of the timber conveyed therein, Fuller and Alford were the owners of the timber by virtue of the deed from Malone, commissioner, as described in said deed.

The plaintiffs alleged that the timber had been sold by Fuller and Alford to the defendant Shearon, and that Shearon had notice of the mistake at the time of his purchase. There is no proof that Fuller and Alford sold any timber to Shearon, except such timber as was covered by and described in the deed received by them from Malone, commissioner. It is, therefore, clear that the opinion of the Supreme Court in *Strickland v. Shearon, supra,* constitutes an estoppel upon the plaintiffs to assert any claim to said timber. *Finch v. Finch,* 131 N. C., 271; *Burns v. Stewart,* 162 N. C., 360; *LeRoy v. Steamboat Co.,* 165 N. C., 109; *Shuford v. Brady,* 169 N. C., 224. The rule is thus declared by *Walker, J.,* in *Price v. Edwards,* 178 N. C., 493: "Estoppel by judgment is a bar which precludes parties to an action to relitigate, after final judgment, the same cause of action or ground of defense, or any fact determined by the judgment." *Hardison v. Everett,* 192 N. C., 371.

So that, under the former decision in this case, the plaintiff neither has nor can assert any title to the timber covered by the deed. It necessarily follows that the defendant Shearon would have the right to cut the timber covered by the deed except for the fact that the injunction was made permanent, and for the further fact that Midyette, J., in the judgment of August Term, 1925, found as a fact that the defendant Shearon had "failed to appear and answer or demur to said complaint within twenty days after the service thereof upon him, or at any time since," and upon such finding, entered the judgment by default and inquiry. The defendant Shearon was a witness at the trial in the Superior Court, and was informed at the trial that he had failed to file an answer. He did not except to the judgment by default and inquiry so

rendered, nor did he appeal therefrom. The answer filed by Alford and Fuller may or may not have included the defendant Shearon. The answer states: "The defendants, answering the complaint of the plaintiff filed herein, say," etc. The case on appeal to the Supreme Court in *Strickland v. Shearon, supra,* however, was signed by William H. Ruffin and W. M. Person, attorneys for defendants "Fuller and Alford" only. When Judge Midyette rendered the judgment by default and inquiry against Shearon, the very question before him was whether or not the answer constituted an answer for Shearon, and after hearing the matter, he found as a fact that Shearon had filed no answer in the cause. The defendant was bound by these findings of fact, in the absence of exception or appeal. *Bank v. Duke,* 187 N. C., 386; *Gillam v. Cherry,* 192 N. C., 195. Therefore, Judge Bond was correct in declining to vacate the judgment by default and inquiry upon the ground that it was irregular or procured through excusable neglect.

What, then, is the status of the parties?

The defendant Shearon has recorded against him a judgment by default and inquiry. *Connor, J.,* in *Mitchell v. Ahoskie,* 190 N. C., 235, said: "The judgment by default and inquiry established plaintiff's cause of action as alleged in his complaint, and his right to recover of defendant at least nominal damages. Both plaintiff and defendant are concluded by said judgment as to all matters alleged in the complaint as a basis for plaintiff's right of recovery. The cause of action set out in the complaint, and adjudged by the court to be well founded, both in fact and in law, determines the measure and character of damages which the plaintiff is entitled to recover therein from defendant. He is entitled to damages which flow from or arise out of said cause of action—no more and no less. The amount of these damages, to be ascertained by the jury from evidence relevant to an appropriate issue, only is left open for inquiry." In other words, a judgment by default and inquiry establishes the cause of action as alleged in the complaint. *Blow v. Joyner,* 156 N. C., 142; *Allen v. McPherson,* 168 N. C., 435; *Armstrong v. Asbury,* 170 N. C., 160.

Now, the cause of action alleged in the complaint was a mistake in the description and identification of the timber in the deed under which the defendant Shearon holds. In the former case of *Strickland v. Shearon,* this Court held, in effect, that no such cause of action was established by the evidence. Therefore, if the plaintiff is entitled to such damages only as flow from the cause of action alleged, and it appears that no such cause of action has been established, it must necessarily follow that the plaintiff has suffered no damage. Certainly, the defendant could not be required to pay damages for trespass in cutting timber which he held under a valid deed, and to which the plaintiff had no right or title. In

effect, this would amount to allowing damages for a trespass committed by a man upon his own land, which could be supported neither by law nor reason. In our opinion the decision in *Strickland v. Shearon* deprives the judgment by default and inquiry of all vitality.

It appears from the record that Judge Bond did not rule upon the defendant's motion to dissolve the injunction contained in the judgment by default and inquiry, and the defendant is allowed to renew his motion to dissolve said injunction, if so advised.

Remanded.