B. E. DeHOFF ET AL. v. C. G. BLACK ET AL.

(Filed 20 June, 1934.)

**1. Judgments D b—Effect of judgment by default and inquiry.**

A judgment by default and inquiry establishes a right of action of the kind properly pleaded in the complaint, and determines the right of plaintiff to recover at least nominal damages and costs, and precludes defendant from offering evidence on the execution of the inquiry to show that plaintiff has no right of action. C. S., 596.

**2. Same—Judgment by default and inquiry in auto-collision case does not preclude defendant from showing how the accident took place.**

A judgment by default and inquiry in an action to recover damages sustained by plaintiff resulting from the collision of two trucks on a public highway, one of which trucks was owned by plaintiff, will not preclude defendants from introducing evidence on the execution of the inquiry tending to show how the collision occurred and that the accident was the result of the negligence of plaintiff's driver, the evidence not being related to the issue of contributory negligence, but being competent on the question of the amount of damages sustained by plaintiff as a proximate result of defendants' negligence, plaintiff being entitled to recover over and above nominal damages only damages sustained as a proximate result of defendants' negligence.

**3. Same—Judgment by default and inquiry precludes defendants from showing relationship between them as affecting liability.**

Plaintiff obtained a judgment by default and inquiry against defendants in his action against them to recover damages resulting from a collision between two trucks, one of which was owned by plaintiff. Plaintiff alleged that the other truck was driven by one of defendants, operated by another, and owned by the third defendant. *Held,* upon the execution of the inquiry, the alleged operator or lessee of the truck was precluded by the judgment by default and inquiry from introducing evidence that he was in no way connected with truck causing plaintiff's damage, either as lessee or otherwise, such evidence relating only to the question of liability which was conclusively established by the judgment by default and inquiry.

CONNOR, J., dissents.

APPEAL by defendants from *Shaw, Emergency Judge,* at January Term, 1934, of SURRY.

Civil action to recover damages for alleged negligent injury to plaintiff's truck.

Summons and copy of complaint were served on the defendants 4 April, 1931.

It is alleged in the complaint that on the morning of 31 March, 1931, on Highway No. 1, near South Hill, Va., a truck owned by the

defendant, C. G. Black, operated by the defendant, K. & S. Trucking Company, and driven by C. W. Silver, who was also accompanied by Hunter Black, brother of the owner of the truck, negligently ran into and completely demolished a truck owned by the plaintiff and operated at the time by its employee, F. M. Akins; and that both defendants are liable to plaintiff for the damages sustained.

On 25 May, 1931, judgment by default and inquiry was entered against the defendants for want of an answer; motion thereafter to set it aside for excusable neglect overruled; and at the January Term, 1934, said inquiry was executed before a jury, the damages being assessed at $400.

Upon the execution of the inquiry, the defendants sought to show how the collision occurred; that it was really due to the conduct of F. M. Akins, driver of plaintiff's truck; and that the defendant, K. & S. Trucking Company, was in no way connected with C. G. Black's truck as lessee or otherwise. All this proffered testimony was excluded as irrelevant and immaterial on the issue of damages. The appeal presents the question of the competency of this evidence.

From judgment on the verdict, the defendants appeal, assigning errors.

*W. M. Allen and A. D. Folger for plaintiff.*
*H. O. Woltz and R. A. Freeman for defendants.*

STACY, C. J. What is the effect of a judgment by default and inquiry? The answer is threefold:

1. It establishes a right of action of the kind properly pleaded in the complaint. *Bowie v. Tucker, ante,* 56; *Strickland v. Shearon,* 193 N. C., 599, 137 S. E., 803; *Mitchell v. Ahoskie,* 190 N. C., 235, 129 S. E., 626; *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661; *Armstrong v. Asbury,* 170 N. C., 160, 86 S. E., 1038; *Allen v. McPherson,* 168 N. C., 435, 84 S. E., 766; *Banks v. Mfg. Co.,* 108 N. C., 282, 12 S. E., 741; 34 C. J., 173-175. See, also, dissenting opinion of *Connor, J.,* in *Junge v. MacKnight,* 135 N. C., 105, 47 S. E., 452, later declared to be the law on petition to rehear, 137 N. C., 285, 49 S. E., 474.

2. It determines the right of the plaintiff to recover at least nominal damages and costs. *Foster v. Hyman,* 197 N. C., 189, 148 S. E., 36; *Hill v. Hotel Co.,* 188 N. C., 586, 125 S. E., 266; *Blow v. Joyner,* 156 N. C., 140, 72 S. E., 319; *Plumbing Co. v. Hotel Co.,* 168 N. C., 577, 84 S. E., 1008; *Patrick v. Dunn,* 162 N. C., 19, 77 S. E., 995.

3. It precludes the defendant from offering any evidence, on the execution of the inquiry, to show that the plaintiff has no right of

action. *Mitchell v. Express Co.,* 178 N. C., 235, 100 S. E., 307; *Holli-field v. Tel. Co.,* 172 N. C., 714, 90 S. E., 996; *Lee v. Knapp,* 90 N. C., 171; *Garrard v. Dollar,* 49 N. C., 176; 15 R. C. L., 667.

A judgment by default final as authorized by C. S., 595, is different in effect and result from a judgment by default and inquiry as authorized by C. S., 596. *Gillam v. Cherry,* 192 N. C., 195, 134 S. E., 423. The former establishes the allegations of the complaint and concludes by way of estoppel, while the latter "establishes a right of action in the plaintiff of the kind stated in the complaint" (*Blow v. Joyner, supra*), the precise character and extent of which remain to be determined by a hearing in damages and final judgment thereon. *Osborn v. Leach,* 133 N. C., 427, 45 S. E., 783; 2 Black on Judgments, sec. 697.

Thus, in *Stockton v. Mining Co.,* 144 N. C., 595, 57 S. E., 335, it was said that a judgment by default and inquiry, in an action for fraud and deceit, did not establish the truthfulness of the allegations of fraud, which still remained to be proved, but merely the fact that the plaintiff was entitled to recover at least nominal damages and costs on the cause of action set out in the complaint and foreclosed a hearing only upon the existence of the right of action.

Likewise, in *Blow v. Joyner, supra,* the following discriminating statement appears: "The authorities are very generally to the effect that where a complaint has been properly filed showing a right of action for unliquidated damages, a judgment by default and inquiry establishes plaintiff's right of action and that he is entitled at least to nominal damages. *Osborn v. Leach,* 133 N. C., 428; 2 Black on Judgments, sec. 698; 23 Cyc., 752; 6 Enc. Pl. and Pr., 127. And in this State it is further held that such a judgment concludes on all issuable facts properly pleaded and that evidence in bar of plaintiff's right of action is not admissible on the inquiry as to damages. *McLeod v. Nimocks,* 122 N. C., 438; *Lee v. Knapp,* 90 N. C., 171; *Parker v. House,* 66 N. C., 374; *Parker v. Smith,* 64 N. C., 291; *Garrard v. Dollar,* 49 N. C., 175. In *McLeod v. Nimocks* it is said: 'The judgment by default and inquiry, the defendant having said nothing in answer to plaintiff's complaint, was conclusive that the plaintiff had a cause of action against the defendant of the nature declared in the complaint, and would be entitled to nominal damages without any proof.' The statement sometimes made that a judgment of this kind 'merely admits a cause of action, while the precise character of the cause of action and the extent of defendant's liability remains to be determined,' simply means, as stated, that a judgment by default and inquiry establishes a right of action in plaintiff of the kind stated in the complaint and entitling plaintiff to nominal damages, but that the facts and attendant circum-

stances giving character to the transaction and relevant as tending to fix the *quantum* of damages, must be shown, and in this sense only is the statement in question approved in *Osborn v. Leach, supra.*"

"There are two kinds of judgments by default—one final, the other interlocutory. In actions *sounding in damages* the interlocutory judgment, which is rendered for want of an answer, is an admission or confession of the cause of action; and there follows a writ of inquiry by means of which the damages are to be assessed."—*Montgomery, J., in Junge v. MacKnight,* 137 N. C., 285, 49 S. E., 474.

Applying the principles gleaned from the authorities to the facts of the instant case, it would seem that the evidence tending to show how the injury occurred is competent, not for the purpose of exculpating the defendants from liability, but to establish the amount of damages properly assessable upon the inquiry. *Strickland v. Shearon, supra; Graves v. Cameron,* 161 N. C., 549, 77 S. E., 841; *Mfg. Co. v. McQueen,* 189 N. C., 311, 127 S. E., 246.

A simple illustration may serve to make clear its competency: A. and B., each driving a truck or automobile, approach from opposite directions upon the highway. B. is slightly over the center of the road. A. decides to teach him a lesson by taking his front wheel off. This he does with consequent injury to himself. A. sues B. and obtains a judgment by default and inquiry for want of an answer. Upon the execution of the inquiry, B. offers to show how the collision occurred, not to escape his liability of a penny and the costs established by the judgment, but to show that A.'s damage, over and above the amount fixed by the default judgment, was the result of a self-inflicted injury (not contributory negligence) and the proper measure of damages. *S. v. Eldridge,* 197 N. C., 626, 150 S. E., 125; *Const. Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. In a tort action for unliquidated damages, the amount recoverable is the sum necessary to compensate the plaintiff for the injury sustained as a proximate result of defendant's negligence or wrong. *Hurt v. Power Co.,* 194 N. C., 696, 140 S. E., 730.

On the other hand, the evidence offered to show the relation between the defendants, which goes only to the question of liability, was properly excluded.

New trial.

Connor, J., dissents.