RAYMOND PRESNELL v. E. L. BESHEARS, ED BESHEARS AND WILTON BESHEARS.

(Filed 26 March, 1947.)

**1. Judgments § 9—**

Failure to plead within the time allowed admits the averments in the complaint entitling plaintiff to recover on the cause of action therein stated, G. S., 1-212, but does not preclude defendants from showing that the averments are insufficient to constitute a cause of action entitling plaintiff to any relief.

**2. Judgments § 27a—**

Defendants, by motion to set aside a judgment rendered by default and inquiry, are entitled to have the judgment vacated if the complaint is insufficient to allege a cause of action, without a showing of excusable neglect, since in such case there is no basis upon which the default judg- ment can be predicated.

**3. Pleadings § 19c—**

Upon demurrer, the complaint will be liberally construed and the de- murrer overruled if in any portion of the complaint or to any extent it

presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose fairly can be gathered from it.  G. S., 1-151.

**4. Automobiles § 24c½—**

Allegations that on the date of the accident the truck colliding with plaintiff's vehicle was being operated by named defendants as employees of defendant owner, and that the owner, his agents and employees were negligent in the operation of the truck in respects alleged, *is held* sufficient, as against demurrer, to charge that the employees were acting within the scope of their employment, nor is it fatal that in several instances the allegations of negligence referred to "the driver of defendant's truck" without more definite designation.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1947, of WILKES. Remanded.

Motion to set aside judgment rendered by default and inquiry.  Motion allowed and plaintiff appealed.

*Trivette, Holshouser & Mitchell for plaintiff.*
*Burke & Burke for defendants E. L. Beshears and Ed Beshears.*
*W. H. McElwee for defendant Wilton Beshears.*

DEVIN, J.  The motion to set aside the default judgment heretofore entered in the cause was based upon the ground that the plaintiff's complaint upon which the judgment was rendered did not state facts sufficient to constitute a cause of action against the defendants.  There was no evidence or finding that the failure of the defendants to answer was due to excusable neglect.  However, the court below being of opinion that the complaint was demurrable, and that defendants had a meritorious defense to the action, struck out the judgment and permitted the defendants to plead.

The effect of the failure of the defendants to appear in response to the summons and complaint personally served upon them was to establish *pro confesso* in the plaintiff a right of action of the kind properly pleaded in the complaint and thereupon the plaintiff became entitled as a matter of law to recover on the cause of action set out in his complaint.  G. S., 1-212; *DeHoff v. Black,* 206 N. C., 687, 175 S. E., 179; *Johnson v. Sidbury,* 225 N. C., 208, 34 S. E. (2d), 67.  Defendants' failure to answer, however, admitted only the averments in the complaint and did not preclude them from showing, if they could, on this motion, that such averments were insufficient to warrant recovery.  *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661; *Strickland v. Shearon,* 193 N. C., 599 (604), 137 S. E., 803.  Hence they were entitled to have the judgment vacated if the facts set out in the complaint should be determined to be insufficient to constitute a cause of action, as there would then be no basis upon which the default judgment could be predi-

cated. McIntosh, 713. And in this Court the defendants demur *ore tenus* on the ground that the complaint does not state facts susfficient to constitute a cause of action.

So that the appeal presents the question of the sufficiency of the complaint to set out an actionable wrong for which these defendants may be held liable. This requires an examination of the allegations of the complaint.

The purpose of plaintiff's suit was to recover damages for a negligent injury to plaintiff's motor truck caused by defendants' truck, consequent upon a collision on the highway. It was alleged that plaintiff's truck was being driven along the highway from North Wilkesboro toward Boone, on the right side of the highway, in a careful manner, and that the Ford truck of the defendants, which had been parked on the left side of the highway, was suddenly driven from the left side of the highway at an unlawful speed and without warning into and against plaintiff's truck, causing injury. As to the responsibility of the defendants for this injury, it was alleged that on said date "the defendant E. L. Beshears was the owner of the old Ford truck which was being operated by the co-defendants Ed Beshears and Wilton Beshears as servants, agents and employees of their co-defendant E. L. Beshears. . . . That at the time of and immediately preceding the collision between the motor vehicles above referred to . . . the defendant E. L. Beshears and his agents and employees were negligent, in that they operated said truck carelessly, heedlessly, and in wilful disregard of the rights and safety of others and at a speed and in a manner so as to endanger person and property in violation of the laws of North Carolina." Particulars of negligent operation of defendants' truck were set out. It was further alleged "that the defendants were operating their truck without proper equipment and brakes."

The defendants criticize the complaint chiefly on the ground that it was not specifically alleged that Ed Beshears and Wilton Beshears, who are designated as agents and employees of E. L. Beshears, the owner of the offending truck, were at the time acting within the scope of their employment, and also that in several instances the allegations of negligence refer to the "driver of defendant's truck" without more definite designation.

However, in the consideration of a pleading, in order to determine its effect, we are required by statute, G. S., 1-151, to give to the allegations a liberal construction, and the rule has been adopted and uniformly followed that if in any portion of the complaint or to any extent it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose fairly can be gathered from it, the pleading will stand, "however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements, for, contrary to the

common-law rule, every reasonable intendment and presumption must be made in favor of the pleader." *Dixon v. Green,* 178 N. C., 205, 100 S. E., 262; *Leach v. Page,* 211 N. C., 622, 191 S. E., 349; *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843; *Cotton Mills v. Mfg. Co.,* 218 N. C., 560, 11 S. E. (2d), 550; *Thomas v. R. R.,* 218 N. C., 292, 10 S. E. (2d), 722. "A complaint cannot be overthrown by a demurrer unless it be wholly insufficient." *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874.

Applying these rules of construction· to the plaintiff's complaint in the case at bar, in the light of defendants' challenge, we are unable to agree with the learned judge below that the pleading upon which the default judgment was predicated was fatally defective.

The judgment by default and inquiry having been rendered by the clerk in accordance with G. S., 1-212, and the case transferred to the civil issue docket for execution of the inquiry, G. S., 1-214, the court was in error in striking out the judgment, and the cause is remanded for further proceedings in accordance with the statute. See *DeHoff v. Black,* 206 N. C., 687, 175 S. E., 179; *Johnson v. Sidbury,* 226 N. C., 345, 38 S. E. (2d), 82.

Remanded.