WILLIE POOLE v. IMPERIAL MUTUAL LIFE AND HEALTH INSURANCE COMPANY.

(Filed 29 October, 1924.)

**1. Insurance Policies—Contracts—Interpretation.**

Where the terms of a policy of insurance are therein ambiguously expressed, the interpretation more favorable to the insured will be given them.

**2. Same—Accidents—Stipulations — Unlawful Acts.**

A policy of accident insurance that excepts from the company's full liability diseases contracted before the date of the policy, "nor for sickness due to immorality or the violation of law," does not of itself exclude such liability for an injury caused by the plaintiff's stealing a ride on a railway train, made a misdemeanor by C. S., 3508, unless the plaintiff's act was so reckless as to withdraw it from the class of accidents covered by the policy.

**3. Same—Questions for Jury.**

Where the evidence is conflicting as to whether the plaintiff in an action to recover for an accidental injury on his policy of insurance, or had forfeited his right under its terms and conditions, the matter of such defense is a question for the jury.

CIVIL ACTION, to recover for loss of foot on a disease and accident policy held by plaintiff in defendant company, tried on appeal from a justice's court, before *McElroy, J.,* and a jury, at September Term, 1924, of FORSYTH.

At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*John D. Slawter and Raymond G. Parker for plaintiff.*
*John C. Wallace and Richmond Rucker for defendant.*

HOKE, C. J.   The evidence on part of plaintiff tended to show that he held a policy in defendant company which guaranteed to plaintiff the payment of specified weekly sick and accident benefits, the payment guaranteed in case of accidental loss of foot being $125; that while said policy was alive and in force, all premiums having been fully paid, plaintiff, on 30 April, 1922, in endeavoring to alight from a railroad train, fell and was struck by the train and his leg broken, so that same had to be amputated.

There was also evidence from plaintiff himself permitting the inference that at the time of the injury he was or had been on a railroad freight train without permission of the conductor or other, and "with the intention of being transported free and without paying the usual fare," contrary to the provisions of C. S., ch. 67, sec. 3508, constituting such act a misdemeanor.

It appeared also that the policy sued on and introduced in evidence by plaintiff contained, among others, stipulation as follows: "No benefits will be paid for any disease contracted before the date of this policy, nor for sickness due to immorality or violation of law; and if the company has evidence that the insured is presenting a claim void under this provision, or is feigning sickness or disability, it reserves the right to refund the amount of premiums paid, less benefits drawn, if any, and take up and cancel policy and be discharged from further liability hereunder."

Defendant resists recovery and contends that the judgment of nonsuit should be upheld: First, by reason of the express stipulation of Clause F of the policy, exempting company from payment of benefits "for any disease contracted before the date of the policy, or for sickness due to immorality or violation of law."   Second, because it appears that plaintiff at the time was engaged in an unlawful act, contributory to the injury.   But, in our opinion, neither position can be maintained.   Even if there were ambiguity in the clause of the policy relied upon, permitting construction, it is the accepted principle in such cases that the question should be resolved in favor of the insured.   *Parker v. Ins. Co., ante,* 403; *Allgood v. Ins. Co.,* 186 N. C., p. 415; *Rayburn v. Casualty Co.,* 138 N. C., p. 379; *Kendrick v. Ins. Co.,* 124 N. C., p. 315.   And, furthermore, it is very generally understood that the term "sickness or disease" does not extend to or include accidental injuries.   1 Cyc., pp. 248-262, etc.

On the second position the judgment of nonsuit is erroneous: First, because it does not appear as a conclusion of law that plaintiff was guilty of the crime imputed to him, and in any event the question should be submitted to the jury.   *Ferrell v. R. R.,* 172 N. C., p. 682. Second, even if the unlawfulness of plaintiff's conduct at the time be

established by the evidence, or conceded, the policy in case of accidental injuries containing no exception in reference to it, and the contract of insurance being supported by a separate and independent consideration, to wit, the payment of the premiums charged, the right of recovery, in our opinion, should not be affected by any unlawful conduct of plaintiff, unless it be so reckless or under such circumstances as to remove the injury from the class of accidents, and so withdraw same from the effects of the policy. *Freeman's Ins. v. Huyley,* 129 Miss., p. 525, reported also in 23 A. L. R., p. 1470; *Ins. Co. v. Bennett,* 90 Tenn., p. 256; *London v. Travelers Protective Assn.,* 126 Mo., p. 104; *Phalen v. Clark,* 19 Conn., p. 421; 9 Cyc., p. 556; 1 Corpus Juris, p. 960.

A case to some extent in illustration of the position occurs in our own reports, in *Clay v. Ins. Co.,* 174 N. C., p. 642. And, applying the principles approved in these authorities, we are of opinion that the judgment of nonsuit should be set aside and the cause submitted to the jury on the question of whether plaintiff at the time of the injury was knowingly and willfully engaged in an act of a kind and under circumstances to render his injury so altogether probable as to remove same from the class of accidental injuries contemplated and provided for in his policy of insurance.

Reversed.