F. WILLIAM HALLOCK v. AMERICAN CASUALTY COMPANY.

(Filed 10 October, 1934.)

1. **Insurance E b—**

An ambiguous clause in a policy of insurance or in a rider attached thereto will be construed in favor of insured within a reasonable interpretation of the contract to ascertain the intent of the parties.

2. **Insurance S a—Policy held to cover damage to car insured while it was driven against orders of the owner.**

The policy of insurance in suit indemnified insured against loss from liability imposed by law for personal injuries inflicted while the car was being driven by the owner or by an adult with the owner's permission, and an endorsement in the policy provided insurance for damage to the car from accidental collision, with $50 deductible feature, "subject to all the terms" of the policy. *Held,* the provision in the personal-injury clause limiting liability to injuries sustained while the car was being driven by the owner or an adult authorized by him does not apply to the collision-damage endorsement, the collision-damage endorsement not containing a limitation to this effect and the phrase "subject to all terms" of the policy being too indefinite to bring the limitation within its terms, and the policy is held to cover damage to the car by accidental collision while it was being driven by the owner's chauffeur against the owner's orders for the chauffeur's personal pleasure.

3. **Same—Collision with land at bottom of bank after running off road held collision with stationary object within meaning of policy.**

Damage to an automobile resulting when it was being driven around a sharp curve and failed to make the turn, ran off the road, down a bank and into some bottom land at the foot of the bank, upsetting the car and turning it over on its side *is held* damage by collision within the meaning of a policy of collision-damage insurance providing insurance, with $50 deductible feature, for damage to the car by "accidental collision with another object, either moving or stationary, including upsets."

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Schenck, J.,* at March Term, 1934, of BUNCOMBE. Affirmed.

This action was originally tried in the general county court of Buncombe County, North Carolina. The findings of fact and the judgment in the general county court are as follows: "This cause coming on to be heard at this the August, 1933, Term of the general county court of Buncombe County, before his Honor, J. P. Kitchin, judge of said court, without a jury, upon the evidence submitted by the parties under their stipulation and agreement filed in this cause, of date 15 August, 1933, and being heard, the court finds the following facts: (1) That at times hereinafter referred to plaintiff was the owner of the Cadillac automobile referred to in the pleadings upon which defendant had issued to plaintiff its policy of insurance No. P-417261, containing a $50.00 Deductible Collision Damage Endorsement; that at the time of the damage to said car, said policy was in full force and effect.

"(2) That in November, 1931, plaintiff and his wife took a trip from Asheville to Lincolnton, North Carolina, remaining in Lincolnton for several days, and while visiting in Lincolnton on 28 November, 1931, after returning from a drive in said car, plaintiff instructed his chauffeur, Joe Smith, colored, to put the car in the private garage where plaintiff kept it, and bring him the keys.

"(3) That the said Joe Smith, in violation of said orders and instructions of his master, and without any right of authority, took said automobile and, with another Negro and two colored girls, started on a pleasure trip of his own to a neighboring town.

"(4) That while said automobile was being operated by the said Joe Smith, as aforesaid, it came to a sharp curve in the road and could not make the turn, and ran off the road, down a bank and into some bottom land at the foot of said bank and upset, turning over on its side.

"(5) That as a result of running off said road and down said bank into said bottom land at the foot of said bank and upsetting and turning over on its side, as aforesaid, said automobile was damaged and injured in the sum of $759.95.

"Upon the foregoing findings, the court is of the opinion that the plaintiff is entitled to recover of the defendant under the terms of the policy the amount of said damages, less the $50.00 deductible item in said policy.

"It is therefore ordered, adjudged and decreed that the plaintiff have and recover of the defendant the sum of $709.95, together with the costs of this action, to be taxed by the clerk. This 26 September, 1933. J. P. Kitchin, judge of the general county court for Buncombe County, North Carolina."

To the foregoing judgment and conclusion of law contained therein, the defendant excepted and assigned error, and appealed to the Superior Court.

The judgment of that court is as follows: "This cause coming on to be heard at this the March, 1934, Term of the Superior Court of Buncombe County, before his Honor, Michael Schenck, judge presiding and holding said term of said court according to law, and being heard upon the appeal of the defendant from the judgment rendered in this cause by the general county court of Buncombe County, of date 26 September, 1933, and upon the defendant's assignment of error, which appears in the record:

"It is now considered, ordered, and adjudged that the defendant's said assignment of error be and the same hereby is overruled, and that the said judgment of the general county court of Buncombe County be and the same hereby is affirmed. This 12 March, 1934. Michael Schenck, judge presiding," etc.

To the above judgment the defendant duly excepted, assigned error, and appealed to the Supreme Court.

*Heazel, Shuford & Hartshorn for plaintiff.*
*Bourne, Parker, Bernard & DuBose for defendant.*

. CLARKSON, J. The first question involved in this appeal: Can the defendant avoid liability upon the contention that the automobile was not being operated at the time of the accident for the owners' "business or pleasure"? We think not, under the policy issued to plaintiff.

The plaintiff and his wife took a trip from Asheville, North Carolina, their home, to visit a friend in Lincolnton, N. C. After returning from a drive in the automobile, the plaintiff instructed the Negro chauffeur to put the car in the garage and bring him the keys. The chauffeur, with another Negro and two Negro girls, started on a pleasure trip. The chauffeur, on a sharp curve in the road, operating the automobile, could not make the turn and ran off the road, down a bank into some bottom land at the foot of said bank and the automobile turning over on its side. It was damaged to the extent of $759.95. The policy provided for a deduction of $50.00. Judgment was rendered for plaintiff in the court below for $709.95. There is no question as to the policy being in force and the premium paid. The policy provided for both public liability and property damage.

In *Grabbs v. Insurance Co.,* 125 N. C., 389 (399), is the following: "While we should protect the companies against all unjust claims and enforce all reasonable regulations necessary for their protection, we must not forget that the primary object of all insurance *is to insure.*"

In *Bray v. Insurance Co.,* 139 N. C., 390 (393), we find: "If the clause in question is ambiguously worded, so that there is any uncertainty as to its right interpretation, or if for any reason there is doubt in our minds concerning its true meaning, we should construe it rather against the defendant, who was its author, than against the plaintiffs, and any such doubt should be resolved in favor of the latter, giving, of course, legal effect to the intention, if it can be ascertained, although it may have been imperfectly or obscurely expressed."

In *Mitchell v. Assurance Society,* 205 N. C., 725 (728-729), speaking to the subject: "There is a natural feeling that after an insurance company has received its premiums, it ought not to be allowed to escape liability or to avoid responsibility, and the just rule is that policies will be construed strictly against the insurers and in favor of the assured. *Conyard v. Insurance Co.,* 204 N. C., 506, 168 S. E., 835. 'The policy having been prepared by the insurers, it should be construed most strongly against them.' *Bank v. Insurance Co.,* 95 U. S., 673; 14 R. C. L., 926. But it is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none was intended. *Guarantee Co. v. Mechanics' Bank,* 183 U. S., 402."

The following, in part, is in the policy: "Does Hereby Agree: (1) To insure the person, firm or corporation named in the attached Warranties (hereinafter called the named Assured), Against Loss from the Liability Imposed by Law' upon the Assured, for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted, by reason of the ownership, maintenance or use, for the purpose named in the Warranties, of any Automobile insured herein." . . . Under Warranties (5): "The purposes for which the automobiles described herein are to be used are: *Business and Pleasure.*"

"Conditions. V. Exclusions. This Policy does not cover the Assured. . . . (1) While being used or operated for any other purpose than that stated in Item 5 of the attached Warranties. . . . VI. Omnibus Coverage. If Item 5 of the attached Warranties of the named Assured, is answered 'business and pleasure' or 'private pleasure' or 'commercial,' the indemnity provided by this Policy is so extended as to be available in the same manner and under the same conditions as it is available to the named Assured, to any person or persons while riding in, or legally operating any of the automobiles described in the Warranties of this Policy, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named Assured, or, if the named Assured is an individual with the permission of an adult of the named Assured's household other than a chauffeur or a domestic servant," etc.

The defendant contends that the policy should be construed to cover loss for damages only, while being operated for business and pleasure by the owner or by some person authorized by him. This contention is correct so far as it applies to bodily injuries set forth above in the policy provision quoted. This action is for the damage to the automobile.

The aspect here presented is thus written in the policy: "Collision Damage Endorsement $50.00 Deductible. In consideration of Thirty-five Dollars ($35.00), and subject to all terms, conditions, agreements and statements forming part of the Policy to which this endorsement is attached, all of which shall be considered as incorporated in and made a part hereof and shall apply as if actually written or printed herein, the Company does hereby agree to insure the Assured against loss or damage in excess of Fifty Dollars ($50.00) (each claim hereunder shall be adjusted separately and said sum shall be deducted from the amount of each claim when determined), to the Automobile(s) described in the Declarations and the operating equipment thereof when attached thereto, if sustained within the period covered by this endorsement and if caused solely by Accidental collision with another object either moving or stationary, including upsets, excluding, however, (a) all loss or damage caused directly or indirectly by fire from any cause whatsoever, and/or (b) all loss or damage to any tire or tires if the insured Automobile is not otherwise damaged in the same accidental collision."

There is nothing in this provision that *the property damage* will apply only when the automobile is operated for business and pleasure by the owner or by some person authorized by him. These references, "subject to all terms," etc., are referable to the indemnity for bodily injuries set forth in the policy.

The defendant, in the "collision damage endorsement," does not limit the injury to the car while being used for business and pleasure by the owner or some person authorized by him. It could have written this in the collision damage endorsement, which would then be understandable. The defendant, when omitting this, or similar language, we cannot construe under such uncertain, vague and indefinite language "subject to all terms," etc., which refer to the bodily injury clause to include property damage to the automobile.

As was said in *Allgood v. Insurance Co.*, 186 N. C., 415 (420): "The language of the rider is ambiguous and not clear. The rider, on its face, indicates it was a form prepared by defendant. If the defendant intended that the automobile should be locked 'when leaving same unattended,' it could have said so in plain language. The defendant, no doubt, has men skilled to draw its insurance policies and riders. The rider could have been drawn in simple language, well understood by all; for example, 'the insured undertakes, during the currency of this policy, to always lock the automobile when unattended.'"

The next question involved on this appeal: What does "if caused solely by accidental collision with another object either moving or stationary, including upsets" mean? The facts were: The chauffeur, while operating the automobile on a sharp curve in the road, could not make the turn and ran off the road, down a bank into some bottom land at the foot of said bank and the automobile upset, turning over on its side.

We think from the facts that the policy covered the damage. In Vol. 5, Cyc. of Insurance Law (Couch), part sec. 1173, at pp. 4165 and 4166, is the following: "Applying the majority rule, a 'collision' with an object has been held to have occurred, where the car, in making a necessary detour, came into contact with a stump in the pathway, where it passed through the guard rail of a highway bridge and plunged into a stream below, where it struck the ground at the bottom of a precipice at the side of the road, after it had started, by force of gravity, when left standing on an incline, where, in turning it around, it backed down an embankment, struck a water main, and was thrown into a deep hole, where it skidded while being driven at a reasonable rate of speed, and was thrown into a ditch, where it struck a rut and was thrown into the ditch, where, to avoid an otherwise inevitable collision with another swiftly moving car, it was swerved, struck a stone and overturned in the ditch, where it came in contact with the bank of a ditch into which it dropped when the driver turned out of the road to avoid an obstruction, where it fell down an embankment as the result of being driven too near the edge of a narrow country road in an attempt to avoid an approaching car, where it was precipitated over a chasm in the highway caused by a washout and collided with the bottom or further bank thereof, where, in swerving sharply to avoid another car, it struck an embankment and overturned as the result of such striking, and where it struck a ridge of dirt outside of the beaten path, causing a wheel to collapse and the car to overturn. So, insurance of an automobile against damage resulting from collision with any object, moving or stationary, covers a collision with an embankment near the highway, where the car becomes unmanageable, leaves the road, and strikes such embankment, crushing the front wheels and overturning," etc. See 54 A. L. R., p. 1447, where the decisions pro and con are annotated.

We think the majority rule is supported by the better reasoning. The judgment of the court below is

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.