WESLEY BLACKWELL AND I. SHAIN, TRADING AND DOING BUSINESS AS SHAIN'S AUTO FINANCE COMPANY, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, AND COLONIAL FIRE UNDERWRITERS BRANCH OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.

(Filed 28 November, 1951.)

**Insurance § 43b—**

> A policy covering collision and upset may not be avoided by insurer on the ground that at the time of the loss the driver of the car insured was endeavoring to escape arrest while transporting intoxicating liquor in violation of law, the policy containing no exception on this ground and there being nothing to show that the insurance promoted the commission of the unlawful act.

APPEAL by defendants from *Bone, J.,* August Term, 1951, of NEW HANOVER. Affirmed.

This was an action to recover on an automobile insurance policy for loss due to collision and upset. Upon agreed statement of facts judgment was rendered in favor of plaintiffs and the defendants appealed.

*John D. Bellamy & Sons and Lloyd S. Elkins, Jr., for plaintiffs, appellees.*

*Poisson, Campbell & Marshall for defendants, appellants.*

STATE *v.* DOBBS.

PER CURIAM. Issuance of the policy and loss as claimed were admitted, but defendants denied liability on the ground that the loss occurred while the insured was transporting in the automobile intoxicating liquor in violation of law and endeavoring to escape arrest. However, the policy contains no exception on this ground, and as the loss comes within the terms of the insurance policy, as issued and paid for, this defense will not avail the defendants. *Poole v. Ins. Co.,* 188 N.C. 468, 125 S.E. 8. The insurance contract had no direct connection with the violation of law admitted, but was only collateral thereto. *Electrova Co. v. Ins. Co.,* 156 N.C. 232, 72 S.E. 306; 29 A.J. 208. The insurance here cannot be said to have promoted the unlawful act referred to. 132 A.L.R. 126.

There was no evidence of loss by intentional act of the insured. Nor does the statement of facts show misrepresentation in the plaintiffs' declarations on which the policy was issued.

Judgment affirmed.