WILLIAM JAMES SUTTLES v. BLUE RIDGE INSURANCE COMPANY.

(Filed 4 November, 1953.)

1. **Insurance § 43½—**

A policy covering damage to an automobile caused by accidental collision will be construed to cover all such losses unless the policy itself excludes from its coverage losses occasioned while the vehicle is being used for specified hazardous purposes.

2. **Same—**

The policy in suit covered damage to the insured vehicle caused by accidental collision while the vehicle was being used for business or pleasure, with the sole exception that coverage should not apply while the vehicle was being used as a public conveyance. *Held:* The policy covers damages to the vehicle sustained when it overturned while being driven in a stock car race with insured's permission, since such loss is "accidental" and the use was not excluded by the policy, and the use was for "business or pleasure" within the meaning of its terms.

APPEAL by defendant from *Moore, J.,* March-April Term, 1953, of CLEVELAND.

This is an action instituted by the plaintiff to recover on an automobile insurance policy issued to the plaintiff by the defendant.

The defendant issued its standard comprehensive public liability insurance policy, including loss by collision, less $50.00 deductible, to the plaintiff on his 1949 Plymouth automobile for the period from 31 May, 1950, to 29 February, 1952, in consideration of a premium of $148.25 which was duly paid.

The original policy when issued was assigned to the M & J Finance Corporation with a loss payable clause in its favor to the extent of its interest therein.

On 30 July, 1950, George Mantooth was driving the automobile covered by the above policy, with the plaintiff's permission, in a stock car race in Concord, North Carolina, when the automobile turned over and was completely demolished, resulting in a loss to the plaintiff of $2,000.

Proof of loss and demand for settlement under the terms of the policy were duly made. Defendant promptly paid the M & J Finance Corpora-

tion the balance due under its contract with the plaintiff in the sum of $1,168.45, which amount was pleaded as a set-off against any recovery the plaintiff might obtain in this action. The defendant, however, denied any liability to the plaintiff on the ground that at the time the car was damaged it was not being used for either business or pleasure.

According to the plaintiff's evidence, the stock car race was on a circular track about a mile in length and approximately 200 feet wide. It was a dirt track, and "they wet the track before the race." The cars could not travel at an average speed of more than fifty to sixty miles per hour on account of the condition of the track. No other car hit his car and no other car wrecked it, but all of a sudden it turned over. If his car had won the race he would have got the prize of a little over $5,000.

The defendant offered no evidence.

The court submitted the following issues to the jury and directed the answers as they appear thereto:

"1. Did the plaintiff breach the contract by entering this car in the stock car race? Answer: No.

"2. Was the plaintiff damaged by accidental means? Answer: Yes."

It was agreed that if the plaintiff was entitled to recover anything he was entitled to recover $781.55, and judgment was entered in favor of the plaintiff for that amount. The defendant appeals, assigning error.

*Horace Kennedy for appellant.*
*Horn & West for appellee.*

DENNY, J. The defendant's only exception is to the failure of the trial judge to sustain its motion for judgment of nonsuit. This simply challenges the right of plaintiff to recover for his loss under the terms of the insurance contract.

The only limitations on the plaintiff's use of his automobile were set out in the policy as "Use: Business and Pleasure" and "Exclusions . . . (a)," which states, "This policy does not apply under any of the coverages, while the automobile is used as a public or livery conveyance . . ."

The defendant argues in its brief that the destruction of the plaintiff's car did not result from an accident within the meaning of the policy. This contention is without merit. Moreover, if the damage to plaintiff's car was not the result of an accident within the meaning of the policy, why did the defendant pay to the M & J Finance Corporation the sum of $1,168.45 for the benefit of the plaintiff?

The real question is not whether the damage to plaintiff's car was the result of an accident within the meaning of the insurance contract, but whether its use at the time of the accident was within the use permitted under the terms of the policy.

The general rule in this respect is stated in 45 C.J.S., Insurance, section 798 (a), page 841, as follows: "Unless there are special limitations in a policy insuring against loss of, or damage to, an automobile caused by accidental collision, the coverage extends to all losses caused by accidental collision however occasioned."

Likewise, in Appleman's Insurance Law and Practice, Volume 13, section 7465, page 190, we find the following statement: "A collision clause is strongly construed against the insurer upon the basis that, if it desired to insert exceptions precluding liability under the circumstances presented, it should have done so by inserting such exceptions as would limit the effect of the general terms employed," citing *St. Paul F. & M. Ins. Co. v. American Compounding Co.,* 211 Ala. 593, 100 So. 904, 35 A.L.R. 1018.

In the case of *Hallock v. Casualty Co.,* 207 N.C. 195, 176 S.E. 241, this Court construed a limitation in a policy similar to the one now before us. The plaintiff's chauffeur took a car covered by the policy without permission and damaged it. The question was whether at the time of the accident the car was being operated for the owner's "business or pleasure." The Court held that since the insurer had not limited recovery to damages resulting from an accident while the car was being used for business or pleasure by the owner, or some person authorized by him, the plaintiff was entitled to recover. *Pauli v. St. Paul Mercury Indemnity Co.,* 167 Misc. 417, 4 N.Y.S. 2d 41.

In *Life & Casualty Ins. Co. of Tenn. v. Benion,* 82 Ga. App. 571, 61 S.E. 2d 579, the Court was interpreting a policy covering injuries received by "external, violent and accidental means." The insured voluntarily drove in a stock car race and was killed while engaged therein. The Court said: "The policy did not contain any reference to or restrictions on the use of the automobile. If the insurer meant to restrict the use of such automobile, it could easily have done so by the insertion of a use-restriction clause in the policy." It was also contended there as here that stock car racing is so hazardous that an accident while engaged therein cannot be held to be unusual, unforeseen and unexpected. However, the Court held that engaging in a stock car race was not "so dangerous as to take the misfortune of the insured out of the realm of accident or accidental means," quoting with approval the following language from 29 Am. Jur., Insurance, section 944, page 716: "Voluntary exposure to danger by the holder of an accident insurance policy will not defeat recovery for an injury caused by accidental means, where such exposure is not an exception in the policy and the insured has no intention of producing the injury received."

We think the use of the automobile permitted under the policy is broad enough to cover the car while it was being operated for any legitimate

purpose not expressly excluded by the terms of the policy. Therefore, the ruling of the court below on the motion for judgment as of nonsuit will be upheld.

No error.