**CITY COAL AND SUPPLY COMPANY, Plaintiff, v. AMERICAN AUTOMOBILE INSURANCE CO., and AMERICAN AUTOMOBILE FIRE INSURANCE COMPANY, Defendants.**

Common Pleas Court, Mahoning County.

No. 136824. Decided February 25, 1954.

Nadler & Nadler, Youngstown, for plaintiff.
Oscar A. Stephens, Youngstown, for defendant.

## OPINION

By DOYLE, J.

Defendants issued a policy of insurance to plaintiff indemnifying it against certain losses named in the policy (exclusive of "Collision" and "Upset").

Plaintiff was the owner of a certain truck insured against losses covered by the policy, and was in process of delivering mixed cement to a cellar excavation in the City of Youngstown. The truck was in charge of plaintiff's driver, and was backed to a point approximately three feet from the edge of the cellar excavation.

The truck engine was stopped and the driver was on the step of the truck preparatory to dismounting when the earth at the edge of the excavation crumbled, precipitating the rear of the truck to the ground level of the excavation with the center of the truck resting on the edge of the excavation and the front wheels suspended from seventeen inches to two feet above the ground level at the approximate edge of the excavation.

Claim for loss was presented by plaintiff to defendants and payment refused. Suit filed, jury waived; trial to Court.

The question presented to this Court is whether the precipitation of the truck constituted "collision" and "upset." If it did, there could be no recovery under the terms of the policy—the policy excluded coverage for "collision" and "upset."

The Court is of the opinion that the precipitation of the truck to the ground floor of the excavation did not constitute a collision or upset.

The situation in this case is unusual, and a search of Ohio cases has not disclosed a ruling which seems to apply to the facts in this case It has therefore been necessary to examine the law pronounced by courts of sister states.

In addition to the authorities cited by counsel, the Court has examined a large number of other authorities.

An "accident" has been defined by various dictionaries as being an "event occurring without one's foresight or expectation."

"Collision" has been defined as an "unforseen accidental impact with any kind of object—the sudden contact of a moving body with an object in its line of motion." The cases are not uniform, however, as to whether it is necessary for the object to be in motion.

"Upset," as defined by Funk and Wagnalls Dictionary, is "to overturn, as to upset an ink-stand or boat." Webster's International Dictionary, Second Edition, describes an "upset" as "being to overturn, overthrow or capsize, as to upset a carriage."

The basic rule as to insurance policies is that they are to be construed most strictly against persons or companies drafting and issuing the policies; also that in order to accomplish justice under a sensible interpretation of the law, the definition of "collision" or "upset" should not be given a strained construction.

In the instant case, the truck was stationary, with the engine ignition turned off and the truck wheels and body of the truck completely stationary. No part of the truck was in motion.

A majority of the cases bearing on the subject of "collision" or "upset" relate to vehicles in motion, a large number of them involving highway accidents or occurring in the process of moving from one place to another. In a number of the cases it has been held that a truck running off the roadway and off the berm, dropping the truck to the axle and spilling part of the contents of the truck, constituted a collision and upset. There are other variations of this situation in which the same ruling was made. Other cases hold to the contrary.

In the case of Bell v. American Insurance Company, 173 Wisc. 533—181 N. W. 733, the dictionary definition of collision is criticized and the discussion in that case is interesting as bearing on the question in the case, although it is too lengthy to justify inclusion in this memorandum. The observation, however, is made in that case: "We do not speak of falling bodies as 'colliding' with the earth. So with all falling bodies. We speak of the descent as a 'fall,' not a collision. A collision does not result from the force of gravity alone."

That reasoning has been followed in several other cases.

This Court is of the opinion that in determining this question, it is necessary. at least in this case, to consider the definitions of both "collision" and "upset." If it was a collision and if it was an upset, the upset occurred as a direct result of the collision.

To discuss all of the various cases which the Court has examined independently would make this memorandum more lengthy than would be justified; and references to special cases and definitions is being made to a very limited extent, merely to direct attention to the reasoning followed in various cases which will be cited in this memorandum.

One case that is worthy of attention is Dougherty v. Insurance Company, 19 Penn'a Dist. 547—38 Penn'a C. O. 119, in which it was held that driving an automobile into a hole was not a collision, and to hold otherwise would be contrary to the plain, ordinary and popular sense that is used by those who drive automobiles.

In the instant case, the truck was stationed at a point which the driver apparently thought was safe, preparatory to beginning to unload the cement. The truck ignition was turned off and the truck was not in motion. The precipitation of the truck to the floor of the cellar excavation was in no sense a collision under any common sense definition. It was a falling in substantially the same manner that any object would fall to the ground. If it can be said that there was an upset and a collision, it seems to this Court that such a conclusion could only be reached by a course of strained reasoning that is not justified under the facts presented here

Assuming that this case will be presented to reviewing courts for final determination, the Court directs the attention of counsel to the following list of authorities relating to the questions presented here:

Insurance Law and Pracice—Appleman, Vol. 5, Page 340, Section 1302, 23 A. L. R., page 397, Vol. 8, A. L. R.; Aetna Casualty v. Cartmel, 100 Southern 802 (Sup. Ct. Florida); Mercury Insurance Co. v. McClellan (Supreme Court of Ark., 225 S. W. 2nd, 931); **Great American Mutual Ins. Co. v. Jones, 111 Oh St 84;** Ferguson v. Farm Bureau, Supreme Ct., Kansas, 237 Pacific 2nd 234; Radella v. Bankers Mutual Fire Ins. Co. of Lancaster, Superior Court Penn'a., 70 Atlantic 407; Proffitt v. Provident Washington Ins. Co., Court of Civil Appeals of Texas, 234 Southwestern 2nd 894; Jack v Standard Marine Insurance, Supreme Court, Washington, 205 Pacific 2nd 251; Guarantee Trust Co. v. Continental Life Ins. Co., 115 Washington 683—294 Pacific 585, 587; Granger v. New Jersey Insurance Co., 108 California Appeal 290-291 Pacific 608; Ingalls, Inc., v. Hartford Fire Insurance Company, 137 California Appeals 741, 31 Pacific 2nd 414, 416; New Jersey Insurance Co. v. Young, C. C. A. Montana, 290 Federal 155; Wetherill v. Williamsburg Fire Ins. Co., 60 Penn'a Superior Court 37; Haik v. U. S. F. & G., 130 Southern 118, 15 Louisiana Appeals 97; Harris v. American Casualty Co. of Reading, Pa., 85 Atlantic 194, 83 New Jersey L641—44 L. R. A. New Series 70; Tinker v. Boston Insurance Co. of America of Boston, Mass.—233 Pacific 1058—106 Oklahoma 206; St. Paul Fire and Marine Ins. Co. v. American Compounding Co.—211 Alabama 593, 35 A. L. R. 1018, 5 American Jurisprudence; Moore v. Western Assurance Co. of Toronto. Canada, 186 S. C. 260—195 S. E. 558; Orlando v. Manhattan Fire and Marine Ins. Co., 42 N. Y. Supreme, 228, 266 Appellant Division New York 319; Long v. Royal Insurance Co., 180 Washington 360, 46 Pacific 2nd 132, Words and Phrases.

Some of the foregoing listed authorities seem to hold contrary to the opinion of this Court, but for the reasons stated in this memorandum, this Court is of the opinion that the accident which occurred as stated in the Petition filed in this action, did not constitute a collision or upset, and the Court so finds.

The Court is of the opinion, also, that plaintiff should recover for the money which it was compelled to expend to extricate the truck from the excavation.

Decision is therefore in favor of the plaintiff against both defendants, and judgment is rendered in favor of plaintiff against both defendants in the sum prayed for in plaintiff's Petition.

Journal entry may be drawn in accordance with this memorandum.