**METROPOLITAN LIFE INSURANCE COMPANY, Appellant,**

v.

**Peggy Joyce HENKEL, Appellee.**

No. 7146.

United States Court of Appeals Fourth Circuit.

Argued April 16, 1956.

Decided May 18, 1956.

Irving E. Carlyle, Winston-Salem, N. C. (Womble, Carlyle, Sandridge & Rice, Winston-Salem, on the brief), for appellant.

Theodore F. Cummings, Hickory, N. C., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HARRY E. WATKINS, District Judge.

PARKER, Chief Judge.

This is an appeal by an insurance company from a judgment for plaintiff on the double indemnity provision of a life insurance policy. The company admitted liability and made payment under the ordinary life provision of the policy but denied liability under the double indemnity provision on the ground that the death of insured was not caused solely by external violent and accidental means within the meaning of that provision. The case was heard by the District Judge without a jury, and he rendered judgment for plaintiff on a finding that the death of insured was caused by accidental means within the meaning of the provision. The only question presented by the appeal is the correctness of that finding.

There is no dispute as to the facts, which may be briefly stated. Insured, a citizen of North Carolina, had taken out the policy of insurance in that state. It covered death by accidental means subject to certain exclusions, which did not, however, embrace death while engaged in violation of law or exposure to known danger, exclusions contained in many accident policies.[1] Deceased was killed on the outskirts of Greenwood, S. C., while fleeing in an automobile from officers of the law at a reckless and unlawful rate of speed of 90 miles an hour or more. There is no evidence that he had violated the law or had been guilty of any unlawful conduct prior to his flight. There is evidence that police officers were on the lookout for someone who had been guilty of an offense and that, when insured came along in his automobile about midnight, he was accosted by the officers, one of whom fired a signal shot, upon which he speeded up the car he was driving and one of the officers gave chase in another car. When he came to a fork in the road with which he was apparently not familiar, he hesitated and this caused the car to run onto the soft shoulder of the road and turn over, inflicting injuries on the insured from which he died.

In interpreting the provisions of the policy, we are governed by the law of North Carolina, as the law of the state in which the policy was applied for and delivered, Horton v. Home Ins. Co., 122 N.C. 498, 29 S.E. 944; and under the law of North Carolina recovery may be had under a provision such as this only where death results from accidental means and is not merely the accidental result of means knowingly and intentionally employed by the insured. Fletcher v. Security Life & Trust Co., 220 N.C. 148, 16 S.E.2d 687. As we think that the death of insured was clearly the result of accidental means within the meaning of the policy, it is not necessary to go into the distinction between accidental means and accidental result, a distinction described by Mr. Justice Cardozo as a "Serbonian Bog", Landress v. Phoenix Mu-

1. The provision of the policy relied on is as follows:
"*Accidental Means Death Benefit.*—The company promises to pay to the Beneficiary under this Policy, in addition to the amount otherwise payable according to the terms of this Policy, an additional sum equal to the Initial Amount of Insurance shown on page 1, upon receipt at the Home Office of due proof of the death of the Insured, while this provision is in effect, as the result, directly and independently of all other causes, of bodily injuries caused solely by external, violent, and accidental means, and that such death shall not have occurred (a) more than 90 days after the date of such injuries, or (b) as the result of or by the contribution of disease or bodily or mental infirmity or medical or surgical treatment therefor or infection of any nature unless such infection is incurred through an external visible wound sustained through violent and accidental means, or (c) as the result of self-destruction, whether sane or insane, or (d) as the result of travel or flight on any species of aircraft if the Insured has any duties relating to such aircraft or flight, or is flying in the course of any aviation training or instruction, or any training or maneuvers of any armed forces, or (e) as a result of participating in or attempting to commit an assault, or (f) as a result of an act of war."

tual Life Ins. Co., 291 U.S. 491, 499, 54 S.Ct. 461, 78 L.Ed. 934, and one which is being repudiated by "an increasing number of jurisdictions". Note 166 A.L. R. 473. An injury, or death, results from accidental means as distinguished from an accidental result, within the rule of those courts observing the distinction, "if, in the act which precedes the injury, something unforeseen, unexpected, unusual, occurs which produces the injury". United States Mutual Accident Ins. Co. v. Barry, 131 U.S. 100, 121, 9 S.Ct. 755, 762, 33 L.Ed. 60, cited by the Supreme Court of North Carolina in Fletcher v. Security Life & Trust Co., supra. Here the driving of the car was the act which preceded the injury within the rule as above stated; and in that act "something unforeseen, unexpected and unusual" occurred which produced the injury, i. e. the turning over of the car as a result of the unexpected coming upon the fork in the road with the consequent running off onto the soft shoulder.

It is true, of course, that insured was exposing himself to danger in driving the car at such a high rate of speed; but "voluntary exposure to danger by the holder of an accident insurance policy will not defeat recovery for an injury caused by accidental means, where such exposure is not an exception in the policy, and the insured has no intention of producing the injury received". 29 Am.Jur. p. 716, quoted with approval in Suttles v. Blue Ridge Ins. Co., 238 N.C. 539, 78 S.E.2d 246, 248. Nor does the fact that the speed of the automobile was in violation of law affect the coverage of the policy, in the absence of an exception to that effect. Poole v. Imperial Mutual Life & Health Ins. Co., 188 N.C. 468, 125 S.E. 8; Zurich General Accident & Liability Ins. Co. v. Flickinger, 4 Cir., 33 F.2d 853, 856, 68 A.L.R. 161. As said by this court in the case last cited: "If insurance companies desire to avoid liability on such ground, they should insert a clause in their policies to that effect."

We do not mean to say that double indemnity is recoverable in every case of voluntary exposure to danger

where such an exposure is not an excepted risk in the policy. If it were shown that the insured was killed in the performance of an act so obviously dangerous as normally to result in loss of life, the well-established rule would apply that one is presumed to intend the natural and probable consequences of his act; but under the findings of the District Judge that rule is not applicable in this case.

Affirmed.