ODELL L. MORTON v. BLUE RIDGE INSURANCE COMPANY

(Filed 27 September, 1961.)

**1. Pleadings § 31—**

A motion to require plaintiff to make the allegations of the complaint more definite and certain may not be made after judgment by default and inquiry.

**2. Judgments § 15—**

A judgment by default and inquiry establishes the right of action pleaded in the complaint, but the nature and extent of the default judgment is limited to the cause of action properly pleaded, and the default judgment does not preclude defendant from showing that the averments of the complaint are insufficient to warrant any recovery.

**3. Same; Judgments § 21—**

Upon motion to vacate a default judgment upon the ground that the complaint fails to allege facts sufficient to constitute a cause of action, the test of the sufficiency of the complaint is the same as upon a demurrer, and the motion is properly denied if the facts alleged in the complaint are sufficient to make out a cause of action and support the judgment.

**4. Insurance § 48b—**

A collision clause in an automobile insurance policy generally will be held to cover collision of the vehicle with any physical object, moving or stationary, in the absence of limitation in the policy contract.

**5. Same**

    Where a car is backed down a launching ramp to launch a boat from a trailer attached to the rear of the automobile, and while the drivers and others were in the rear to lower the boat into the water, the automobile rolls backward into the water and into a canal, there is a collision of the car with the water in the canal and with the bottom of the canal within the meaning of a policy insuring against damages to the car resulting from a collision of the automobile with another object.

**6. Same—**

    Allegations to the effect that after an automobile had been backed down a launching ramp, and while the car was stationary and unattended, the car suddenly started rolling backwards and rolled into the water and into a canal, clearly implies that the event was neither intended nor foreseen and therefore was an "accident" within the meaning of a clause insuring against damage from an accidental collision.

APPEAL by defendant from *Cowper, J.,* May Term, 1961, of CARTERET.

Plaintiff instituted this action to recover on insurance policy issued to him by defendant covering plaintiff's 1952 Buick Special. He alleged his said automobile was damaged May 17, 1958, in the amount of $1,150.00; and that he is entitled to recover from defendant the amount of his said loss.

Plaintiff alleged the policy issued by defendant "insured plaintiff against loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile"; that he gave defendant due notice of the accident giving rise to plaintiff's loss; that defendant denied liability for such loss; and that plaintiff, prior to the institution of this action, had complied fully with all obligations required of him by the terms of the policy.

Plaintiff alleged his loss and damage occurred under these circumstances: ". . . the plaintiff backed his automobile down a launching ramp at Sonny's Yacht Basin at Atlantic Beach; that at the time a trailer and a boat were attached to the rear of the automobile; that he backed the automobile down where the wheels of the trailer were in the water; that he stopped the car and got out and began to uncrank the boat to lower it into the water and that just as the boat got about halfway in the water, all of a sudden the plaintiff's automobile started rolling down towards the water and rolled into a canal approximately 14 feet deep, colliding with the water and the canal bottom and being upset, as a result of which plaintiff's automobile was ruined, damaged and became a total loss."

Defendant failed to answer, demur or otherwise plead within the statutory time; and the clerk, on April 27, 1959, based on plaintiff's verified complaint, entered judgment by default and inquiry against defendant.

On May 12, 1959, defendant filed three separate motions; (1) a motion in arrest of judgment, (2) a motion to vacate judgment for excusable neglect, and (3) a motion to vacate judgment on the ground the summons served on defendant was void. The said motions were addressed to said judgment by default and inquiry.

At a hearing on June 8, 1959, judgment was entered dismissing plaintiff's action on the ground the summons served on defendant was void. On plaintiff's appeal therefrom the said judgment entered June 8, 1959, was reversed. *Morton v. Insurance Co.*, 250 N.C. 722, 110 S.E. 2d 330. The opinion of *Moore, J.*, states: "The record discloses that other motions are pending in this cause. These apparently have not been heard below. They are not before us."

Subsequent to the entry of said judgment of June 8, 1959, and pending a determination of plaintiff's appeal therefrom, to wit, on June 20, 1960, defendant filed a motion to make the complaint more definite and certain. This motion did not appear in the record on former appeal.

The judgment of Judge Cowper entered May 12, 1961, from which defendant appeals, provides:

> "In this cause, coming on to be heard . . . upon the motion of the defendant to Vacate the Judgment for Excusable Neglect, the defendant having in open court abandoned the motion, and having shown no excusable neglect, the said motion is denied;
>
> "AND FURTHER, upon the motion of the defendant to require the plaintiff to make the allegations of the complaint more definite and certain, it appearing that said motion was made after the time for pleading in the cause had expired, the same is hereby disallowed;
>
> "AND FURTHER, the defendant having filed a Motion in Arrest of Judgment, upon a consideration of the same the said motion is denied.
>
> "AND FURTHER, the defendant having demurred *ore tenus;* the Court having reviewed the pleadings and the record and briefs filed in the Supreme Court in the case of *MORTON v. INSURANCE COMPANY*, 250 N.C. 722, and it appearing that the defendant had demurred *ore tenus* in the Supreme Court and extensively argued the same in its brief and that the Supreme Court did not consider the demurrer *ore tenus;* and the Court being of the opinion that the complaint states a good cause of action, the demurrer *ore tenus* is overruled."

Defendant's appeal is predicated upon this exception: ". . . the signing of the Judgment of his Honor, Albert W. Cowper, denying defendant's motion to make the complaint more definite and certain,

and denying the motion in arrest of judgment." Upon this exception, defendant assigns as error "the denying of the Motion in Arrest of Judgment and the Motion to make the Complaint more Definite and Certain."

*Harvey Hamilton, Jr., and George W. Ball for plaintiff, appellee.*
*C. R. Wheatly, Jr., and Thomas S. Bennett for defendant, appellant.*

BOBBITT, J. Defendant's assignment of error, directed to the court's denial of his motion for an order requiring the plaintiff to make the allegations of his complaint more definite and certain, is without merit. Such an order, under G.S. 1-153, is to enable the movant to prepare his defense. Such a motion may not be made *after judgment.*

Defendant's motion captioned, "MOTION IN ARREST OF JUDG-MENT," is in fact a motion to vacate the judgment by default and inquiry on the ground the complaint fails to allege facts sufficient to constitute a cause of action and therefore will not support such judgment.

In *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835, in passing upon a like motion, this Court, in opinion by *Devin, J.* (later *C.J.*), said: "The effect of the failure of the defendants to appear in response to the summons and complaint personally served upon them was to establish *pro confesso* in the plaintiff a right of action of the kind properly pleaded in the complaint and thereupon the plaintiff became entitled as a matter of law to recover on the cause of action set out in his complaint. G.S. 1-212; *DeHoff v. Black,* 206 N.C. 687, 175 S.E. 179; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67. Defendants' failure to answer, however, admitted only the averments in the complaint and did not preclude them from showing, if they could, on this motion, that such averments were insufficient to warrant recovery. *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661; *Strickland v. Shearon,* 193 N.C. 599 (604), 137 S.E. 803. Hence they were entitled to have the judgment vacated if the facts set out in the complaint should be determined to be insufficient to constitute a cause of action, as there would then be no basis upon which the default judgment could be predicated."

As stated in Judge Cowper's judgment, this Court, on former appeal, did not consider a demurrer *ore tenus* to the complaint. Indeed, nothing in our records indicates defendant (then appellee) filed such demurrer in this Court although its brief contained references to such demurrer and arguments and citations in support thereof. Be that as it may, the complaint is now challenged on the ground it does not allege facts sufficient to state a cause of action; and the rules for testing its suf-

ficiency are the same whether this challenge be by demurrer, *Howze v. McCall,* 249 N.C. 250, 106 S.E. 2d 236, or by motion to set aside the judgment by default and inquiry, *Presnell v. Beshears, supra.*

"Unless there are special limitations in a policy insuring against loss of, or damage to, an automobile caused by accidental collision, the coverage extends to all losses caused by accidental collision however occasioned, and such a policy does not usually exclude damage caused by negligence." 45 C.J.S., Insurance § 798a.

"A collision clause is strongly construed against the insurer upon the basis that, if it desired to insert exceptions precluding liability under the circumstances presented, it should have done so by inserting such exceptions as would limit the effect of the general terms employed." Appleman, Insurance Law and Practice, § 7465.

The foregoing general statements are quoted, in whole or in part, by *Denny, J.,* in *Suttles v. Insurance Co.,* 238 N.C. 539, 78 S.E. 2d 246.

In *Hallock v. Casualty Co.,* 207 N.C. 195, 176 S.E. 241, the policy provided for the payment of loss "if caused solely by Accidental collision with another object either moving or stationary." A chauffeur, operating plaintiff's automobile, ran off the road and down a bank into bottom land, where the automobile turned over on its side. Judgment for the plaintiff was affirmed by this Court.

In *Hallock,* defendant contends, the plaintiff's pleading and evidence revealed that the automobile collided "with an object." Defendant refers to *the bank* as *the object* with which the automobile collided. (Consideration of the evidence in *Hallock* indicates the collision causing the damage occurred when the automobile struck the bottom land and turned over.) Be that as it may, defendant is correct in its contention that the question, whether water is "an object" within the meaning of the collision clause, was not presented or discussed in *Hallock.* This question is one of first impression in this jurisdiction.

In 45 C.J.S., Insurance § 797b(1), it is stated: "There cannot be a collision within the coverage of a policy insuring an automobile against loss or damage from collision without the presence of an object with which to collide. Where the risk designated in such a policy is collision with an object, in general the word 'object' is used in its ordinary and usually accepted sense as meaning anything tangible or visible. Since the phrase 'being in collision with an object,' as commonly used in such policies, is of so general an import, any effort to classify the objects with which a car may collide is futile, and it has been laid down broadly that, in the absence of a restriction as to the kind of object, a collision may occur with any object."

In Sunderlin on Automobile Insurance, § 711, the author states:

"Water and land are objects—physical objects. They are not abstract or imaginary, but tangible, visible, concrete, and real, and may be perceived and apprehended by the mind. The understanding has knowledge of them. An insured automobile which runs into either water or land collides with an 'object.' " The clear weight of authority supports this oft-quoted statement. *Harris v. American Casualty Co.* (N.J.), 85 A. 194; *Gans v. Columbia Ins. Co.* (N.J.), 123 A. 240; *Columbia Ins. Co. v. Chatterjee* (Okla.), 219 P. 102; *Tinker v. Boston Ins. Co.* (Okla.), 233 P. 1058; *Ringo v. Automobile Ins. Co.* (Ore.), 22 P. 2d 887; *Long v. Royal Ins. Co.* (Wash.), 40 P. 2d 132, 105 A.L.R. 1423; *Providence Washington Ins. Co. v. Proffitt* (Texas), 239 S.W. 2d 379; *Washington Fire & Marine Ins. Company v. Ryburn* (Ark.), 311 S.W. 2d 302; Appleton, op. cit., § 3205; 45 C.J.S., Insurance § 797b(2).

In *Ringo v. Automobile Ins. Co., supra,* the policy provided coverage against "(d)irect loss or damage to the automobile described caused solely by accidental collision with another object or by upset." Plaintiff, while driving his automobile along the highway struck "something," which caused his car to skid and strike a bank and go over the bank into a river. The defendant contended the damage to the insured automobile caused by being plunged into the river did not come within the coverage of the policy. The opinion of *Justice Bailey,* after reviewing prior decisions, concludes: "There was, within the meaning of the policy, a direct loss or damage to plaintiff's automobile caused solely by accidental collision with another object. Plaintiff testified positively that the car, while being driven along the highway, struck some object other than the roadbed. Even disregarding this evidence, the proof is that the car plunged into the waters of Yamhill river and sank to the bottom of that stream. The incident of coming into contact with the water and the bed of the stream constituted a collision with another object."

In *Washington Fire & Marine Ins. Company v. Ryburn, supra,* the policy provided coverage against "(d)irect and accidental loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile." Plaintiff's employee, while driving the insured truck along the highway, "encountered a slick place in the roadway, lost control of the truck, careened off the highway, hit a knoll causing the truck to bounce, went down an embankment and plunged into a ditch filled with water." Water damage to the motor constituted the major element of damages. It was held "that the damages to the truck here were caused by a collision of the truck 'with another object'—here, the water in the ditch." The opinion of *Judge Holt* states: "Had the appellant intended to limit the extent

of its above coverage when a collision occurred 'with another object' it·could easily· have done so in unmistakable language."

In *Harris v. American Casualty Co., supra,* the policy provided coverage against loss "resulting solely from collision with any moving or stationary object; (excluding however) . . . (c) damage resulting from collision due wholly or in part to upsets." Plaintiff's automobile was being driven by his chauffeur over a highway bridge. It crashed through a guard rail and was precipitated into the stream below. Collision with the guard rail caused only nominal damages. Water damage constituted a major element of damages. It was held that plaintiff's damages were caused by collision, not by upset; and that the automobile collided with a moving object, namely, the water of the stream, and with a stationary object, namely, the bed of the stream under the water.

We have examined carefully each of the cases cited by defendant, to wit, *Liverpool & London & Globe Ins. Co. v. Jones* (Ark.), 180 S.W. 2d 519; *Snare & Triest Co. v. Fireman's Fund Ins. Co.* (C.C.A., Second), 261 F. 777; *Aetna Casualty & Surety Co. v. Cartmel* (Fla.), 100 So. 802; *City Coal & Suppy Co. v. American Automobile Ins. Co.* (Court of Common Pleas of Ohio, Mahoning County), 128 N.E. 2d 264; *Albritton v. Firemen's Fund Ins. Co.* (La.), 61 So. 2d 615; *Unkelsbee v. Homestead Fire Ins. Co.* (Municipal Court of Appeals for the District of Columbia), 41 A. 2d 168. An analysis of the factual situation and questions presented in each of these cases is deemed unnecessary. Suffice to say, each involves a factual situation different from that here considered and none is regarded as authority for decision on this appeal.

When plaintiff's automobile rolled into and struck the water of the canal and the bottom of the canal as alleged by plaintiff, in our opinion, and we so decide, this constituted a collision of the automobile with another object within the meaning of the alleged provision of the policy. Since this entitled plaintiff to recover for loss by collision with another object, we need not consider whether plaintiff's allegations are sufficient to support recovery on the ground of "upset."

We have not overlooked defendant's contention that the facts pleaded by plaintiff do not show an *accidental* collision. In this connection, it is first noted that the word "accidental" is not used in plaintiff's allegations relating to coverage. True, plaintiff did not allege *what* caused his automobile to roll into the canal. But, when construed in the light most favorable to plaintiff, the allegations clearly imply that this event was neither intended nor foreseen, and that what defendant refers ·to as "an unexplained occurrence" was an accident within the

meaning of that term as defined by this Court in *Kirkley v. Insurance Co.*, 232 N.C. 292, 59 S.E. 2d 629.

In *St. Paul F. & M. Ins. Co. v. American Compounding Co.* (Ala.), 100 So. 904, 35 A.L.R. 1018, it was held, on rehearing, as stated in the first A.L.R. headnote: "The striking of the ground at the bottom of the declivity by an automobile falling over a precipice at the side of the road after it has started by the force of gravity when left standing on an inclined roadway is a collision within the meaning of a policy insuring against damage by accidental collision with any other automobile, vehicle or object." The following excerpt from the opinion of *Bouldin, J.*, is pertinent:

> "A collision implies an impact, the sudden contact of a moving body with an obstruction in its line of motion. Both bodies may be in motion, or one in motion and the other stationary. Clearly it matters not whether the car or the other object is in motion. The clause here involved covers all accidental collisions, save those arising from certain extrahazardous uses. In the nature of things no effort is made to enumerate the accidental collisions covered thereby. No particular kind of accident is in the contemplation of the parties. The peril insured against is the unforeseen accident; otherwise, there is no accident in the true sense. Neither is there any limitation as to cause of the accidental collision. The force leading thereto may be applied by human agency, or it may be a natural force, to which all our actions and dealings are related. A car, standing on a grade, is usually held in place by the friction of the wheels on the ground. This friction is maintained by brakes. If the brake does not hold, the car starts and proceeds down grade with accelerated velocity until arrested by collision or otherwise. The sole force in operation is the force of gravity, an ever-present agency, and a continuing peril to a car.
>
> "An automobile started by an external force, or by force of gravity on failure of the brakes to hold, and running uncontrolled against any object in its path, is in collision with such object."

The conclusion reached is that the facts stated in the complaint are sufficient to constitute a cause of action and therefore sufficient to support the judgment by default and inquiry. Hence, the judgment of Judge Cowper, denying defendant's motion to vacate the judgment by default and inquiry, is affirmed.

Affirmed.