43187. TUTEN v. FIRST OF GEORGIA INSURANCE COMPANY.

ARGUED NOVEMBER 8, 1967—DECIDED FEBRUARY 29, 1968—REHEARING DENIED MARCH 15, 1968—CERT. ▇▇▇▇▇▇

410

*Kravitch & Hendrix, Bart E. Shea,* for appellant.

*Findley, Solms, Gannam, Head & Buchsbaum, A. F. Solms, Jr.,* for appellee.

WHITMAN, Judge. 1. The question to be decided is whether the petition has alleged a loss coming within the policy coverage.

The position taken by the plaintiff with regard to "Coverage B" is that his loss was caused by a collision of his automobile with another object, specifically, the water in the river.

"An unintended contact of the vehicle with a natural or arti-

ficial mass or body of water is generally held to constitute a collision with an object." 11 Couch on Insurance 2d 66, § 42:225. Neither party has called any Georgia decisions to the court's attention relating to this point. Nor have any been disclosed by our own research.

The case of Morton v. Blue Ridge Insurance Co., 255 N. C. 360 (121 SE2d 716) involved an almost identical factual situation. Therein the plaintiff alleged that the policy issued by the defendant "insured plaintiff against loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile." With regard to the circumstances surrounding the loss, the petition alleged: ". . . the plaintiff backed his automobile down a launching ramp at Sonny's Yacht Basin at Atlantic Beach; that at the time a trailer and a boat were attached to the rear of the automobile; that he backed the automobile down where the wheels of the trailer were in the water; that he stopped the car and got out and began to uncrank the boat and lower it into the water and that just as the boat got about halfway in the water, all of a sudden the plaintiff's automobile started rolling down towards the water and rolled into a canal approximately 14 feet deep, colliding with the water and the canal bottom and being upset, as a result of which plaintiff's automobile was ruined, damaged and became a total loss."

The court held that the petition stated a cause of action saying: "When plaintiff's automobile rolled into and struck the water of the canal and the bottom of the canal as alleged by plaintiff, in our opinion, and we so decide, this constituted a collision of the automobile with another object within the meaning of the alleged provision of the policy. Since this entitled plaintiff to recover for loss by collision with another object, we need not consider whether plaintiff's allegations are sufficient to support recovery on the ground of 'upset.'" Morton v. Blue Ridge Insurance Co., 225 N. C. 360, 366, supra.

The court quoted with approval the following excerpt from St. Paul Fire & Marine Ins. Co. v. American Compounding Co., 211 Ala. 593, 595 (100 S 904, 35 ALR 1018): "A collision implies an impact, the sudden contact of a moving body with an obstruction

in its line of motion. Both bodies may be in motion, or one in motion and the other stationary. Clearly it matters not whether the car or the other object is in motion. The clause here involved covers all accidental collisions, save those arising from certain extra hazardous uses. In the nature of things, no effort is made to enumerate the accidental collisions covered thereby. No particular kind of accident is in the contemplation of the parties. The peril insured against is in the unforeseen accident; otherwise, there is no accident in the true sense. Neither is there any limitation as to cause of the accidental collision. The force leading thereto may be applied by human agency, or it may be a natural force, to which all our actions and dealings are related. A car, standing on a grade, is usually held in place by the friction of the wheels on the ground. This friction is maintained by brakes. If the brake does not hold, the car starts and proceeds down grade with accelerated velocity until arrested by collision or otherwise. The sole force in operation is the force of gravity, an ever-present agency, and a continuing peril to a car.

"An automobile started by an external force, or by force of gravity on failure of the brakes to hold, and running uncontrolled against any object in its path, is in collision with such object."

We think the Morton decision is well reasoned and controlling in the case sub judice and, therefore, hold the petition sufficient as against general demurrer.

Having held that the petition states a cause of action with regard to "Coverage B", the court pretermits any determination with regard to "Coverage F."

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*